* *In re* LARKIN SMITH.

*Re-taxation of Costs—Motion—Appeal.*

1. When a motion to re-tax a bill of costs is made at the next term after judgment is entered, it is error for the Judge to hold that he has no power to entertain it. *Semble*, the motion could be made any time within one year after judgment.

2. Usually, a ruling of the Court upon taxation of witness tickets is not appealable, but it is otherwise when the Court refuses to act on the motion, on the ground of a want of power.

APPEAL from judgment of *Armfield, J.*, at October Term, 1889, Wake Superior Court, refusing a motion to re-tax costs.

This was a proceeding by the daughters, suing as next friends of Larkin Smith, to have him declared incompetent to manage his affairs, begun before C. D. Upchurch, Clerk of the Superior Court of Wake. Two juries having failed to agree upon a verdict, the clerk dismissed the petition and adjudged that the petitioners pay the costs. On appeal from this judgment it was affirmed by *Graves, J.*, at April Term, 1889, of Wake Superior Court. An appeal was taken from him to the Supreme Court, which appeal was dismissed October, 1889, for failure to print the record, as required by

* Head notes by CLARK, J.

the rules of this Court. Thereupon, at October Term of Wake Superior Court, before *Armfield, J.*, the petitioners filed an affidavit to re-tax the bill of costs by striking out the witness tickets of certain witnesses, who, it was alleged, had not been examined in the cause, and to strike out an allowance made to another witness as an expert, who, it was claimed, had testified only as witness to the facts  This motion the Judge refused, on the ground that he did not have the power to grant it.  Petitioners appealed.

*Mr. J. H. Fleming,* for petitioners.
*Mr. E. C. Smith, contra.*

CLARK, J.: The dismissal of the former appeal by this Court simply left in force the judgment of the Superior Court made at April Term, 1889.  The question presented for our consideration is whether the Judge, at the next term, October, 1889, had the power to re-tax the bill of costs by striking out objectionable items.  The judgment at Spring Term that petitioners pay the costs, was, like any similar judgment between adversary parties, conclusive as to the question by whom the costs were to be paid.  To that extent it is *res judicata*, and cannot be re-opened.  We do not understand such to be the object of this motion, which is not to again contest the question by whom the costs are to be paid, but the correctness of certain items, allowed and taxed in the bill of costs.  Had this been an adversary proceeding, the party who had obtained the judgment would not have been necessarily a party to the motion.  The controversy is not between the parties to the judgment, but between the party adjudged to pay the costs and witnesses, or others who have claims upon the costs.

It is not unusually the case that the bill of costs is not made out until after the adjournment of the term at which the judgment was rendered.  If, therefore, a party aggrieved

cannot move, at a subsequent term, to re-tax the costs, it would subject losing parties to payment of any amount of costs, however erroneous, which might be taxed against them. The motion to re-tax is in the nature of an appeal from the action of the Clerk in making out the bill of costs, and in no wise impeaches or calls in question the previous judgment of the Court. Motions to re-tax are not infrequent on the circuit, and have always been recognized as a part of the supervisory authority which the Courts have and ought to exercise over the conduct of the Clerk in taxing the costs. The motion should be made promptly. It would be better if it could always be made at the trial term, as the Judge who tried the cause is better acquainted with the materiality of the witnesses, and can more understandingly exercise the large discretion in regard to costs which is vested in the Judge. *The Code*, § 3760, permits a motion to re-tax costs to be made in favor of any officer within one year after the termination of the action, and section 748 authorizes a similar order in favor of a witness within one year after judgment. Section 274 authorizes the Court, within one year, to relieve any party from an order, &c., taken against him by inadvertence or excusable neglect. There is no statute specifying the time in which the party can move to re-tax a bill of costs which he deems improvidently made out Such motion should be made in reasonable time, and the right to make it has always been unquestioned. Tidd's Prac., 990. It would seem from analogy to above sections that it would be in time if made by the party cast at any time within one year. We are not called upon now, however, to do more than to say that, as to the motion here, which was made at the first term after judgment rendered, there was not unreasonable delay. If there is *laches* in not making the motion at the earliest practicable time, the Judge may consider that in refusing or granting the motion. It does not deprive him of power to act upon it. A party is not presumed to have

notice of the items taxed in the bill of costs, as he is of all orders and judgments in the cause itself.

It is true this case originated before the Clerk, but, having got into the Superior Court, the Judge thereof had the power and the jurisdiction to make all proper orders and judgments in the case independent of his general supervisory authority over the costs.   Acts 1887, ch. 276.

Had the Judge below, in those cases left to his discretion (*The Code*, §§ 733, 744, 748), allowed or refused to allow the items objected to, his action would have been final and not reviewable.  *State* v. *Massey*, 104 N. C., 877.   But he puts his refusal upon a want of power to pass upon the motion to re-tax, and that presents a question for review.   We think there was

Error.