## WALTER GRESHAM V. JAMES WELSH ET AL.

### Delivered June 3, 1897.

**1. Venue—Contract—Partnership—Location of Property—Residence of Parties.**

An action by a surviving partner against the widow of the deceased partner, and one to whom the firm had agreed to sell specified property, to recover possession of specified firm property and have it placed in the hands of a receiver and administered for the purpose of paying debts, and to recover from the second defendant upon his contract, can not be maintained in a county in which neither defendant resides, and in which the property sought to be recovered is not located.

**2. Judgment—Finality—Nugatory Action.**

The nugatory action of the court in attempting to preserve the fiat of the judge granting an application for temporary injunction does not prevent a judgment that the court had no jurisdiction to grant it from being final for the purposes of appeal.

APPEAL from Galveston. Tried below before Hon. WM. H. STEWART.

*S. W. Jones* and *J. S. Wheless,* for appellant.—1. The terms of the contract which is the basis of plaintiff's suit gave the courts of Galveston County jurisdiction over the person of the defendant James Welsh; and as the total amount involved greatly exceeds $500, and there is an additional claim by plaintiff of $275 for misappropriated funds, the District

Court of that county had jurisdiction of the subject matter of controversy between the said plaintiff and the said Welsh, although a less amount than $500 had accrued due under the contract prior to the institution of this suit. Rev. Stats., art. 1194, subdiv. 5; Tinsley v. Boykin, 46 Texas, 597; Sayles' Civ. Prac., sec. 225; Davis v. McGaughey, 32 S. W. Rep., 447; Middlebrook v. Mfg. Co., 86 Texas, 706.

2. The charge of collusion and conspiracy between the defendant James Welsh and his co-defendant Mrs. John J. Harcourt to wrongfully deprive the plaintiff of the properties mentioned and described in plaintiff's petition, the abandonment of said properties by the one and the taking possession thereof by the other, their joint efforts to sell the same, and their intention to apply the proceeds thereof to their own use, gave to the District Court jurisdiction likewise over the person of the defendant Mrs. John J. Harcourt, for the purposes of the relief sought against her. Thompson v. Locke, 66 Texas, 383, 391; Sayles' Civ. Prac., sec. 235; Brigham v. Thompson, 34 S. W. Rep., 358.

*J. W. Hill,* for appellees.—Appellant could not bring suit against appellees in the District Court of Galveston County (appellees being nonresidents thereof) upon an obligation for $410, payable in that county, and by joinder of another and distinct claim for conversion of other property, bring the amount within the jurisdiction of the District Court of Galveston County, and confer upon that court jurisdiction over the persons of appellees; because the District Court of Galveston County did not have jurisdiction of a suit for the recovery of the $410, payable in that county, and it was only by joining with that claim another and distinct cause of action, for $275, arising out of an alleged conversion, that the amount involved was brought within the jurisdiction of the District Court of Galveston County. Haddock v. Taylor, 74 Texas, 216; Wood County v. Oats, 75 Texas, 218; Stewart v. Gordon, 65 Texas, 344.

GARRETT, CHIEF JUSTICE.—Walter Gresham, as plaintiff, brought this suit in the District Court of Galveston County against James Welsh, a resident of Schleicher County, and Mrs. John J. Harcourt, a resident of the county of Runnels. His petition was filed June 10, 1896, and set forth his cause of action substantially as follows:

"That in the latter part of the year 1894 John J. Harcourt, husband of the defendant, Mrs. John J. Harcourt, and who was then a resident of Schleicher County, departed this life; that at the date of his death and for several years prior thereto the said John J. Harcourt and the plaintiff were associated as partners, under the firm name of Gresham & Harcourt, in the conduct and management of a sheep ranch in said Schleicher County; that prior to the death of the said John J. Harcourt the plaintiff had advanced to the said partnership, for the purpose of stocking, operating, and maintaining the said ranch, a large sum of money, to wit, $5000, which, at the time of the death of his said copartner, was owing and due the said plaintiff; that on, to wit, the 28th day of May, 1895, he,

the said plaintiff, as surviving partner of said firm, for the purpose of raising money with which to pay off and discharge the indebtedness of said firm, made and entered into a written contract with the defendant, James Welsh, in substance and effect as follows: 'In consideration of $1640, to be paid to Walter Gresham (the said plaintiff) at his office in the city and county of Galveston, State of Texas, with interest from the date hereof at the rate of 10 per cent per annum, payable semi-annually, $410 of said amount to be paid on the first day of June, 1896; $410 on the first day of June, 1897; $410 on the first day of June, 1898; and the remaining $410 on the first day of June, 1899, the said Walter Gresham agrees to sell to the said James Welsh, in consideration of the said several sums of money and the interest to accrue thereon, an undivided half interest in and to the leased lands and improvements thereon, situated in Schleicher County, Texas, leased by the said Walter Gresham from the State of Texas, and the sheep on said ranch, numbering about 2365, the intention being to sell to the said James Welsh, as soon as he pays therefor, an undivided one-half interest in and to said ranch and sheep thereon, the said Gresham retaining a one-half interest in said ranch and sheep, and the one-half interest agreed to be sold to the said Welsh not to be sold by him until his obligation therefor had been fully paid, except with the written consent of the said Walter Gresham.'

"Plaintiff's petition further alleged, that in pursuance of said contract the said Welsh, immediately upon the execution of said contract or agreement, took possession of said ranch and properties, but that notwithstanding the first installment, to wit, $410, of the consideration under said contract for said properties had matured, and the plaintiff had requested the said Welsh to pay the same, yet he (the said Welsh) had failed and neglected so to do, had sold, without the consent of the plaintiff, many of the sheep upon said ranch, and had appropriated to his own use the proceeds thereof, amounting to a large sum of money, to wit, $275; that the said Welsh had ignored his said contract and had abandoned the said properties and turned them over to his codefendant, the said Mrs. John J. Harcourt, and that the said James Welsh and the said Mrs. John J. Harcourt had conspired and colluded together to deprive the said plaintiff of the possession of said properties, and were then preparing to sell the same and apply the proceeds thereof to their own use and benefit. The plaintiff further alleged that the said defendants are, as he is informed and believes, wholly insolvent, and that if permitted to dispose of said properties, such action on the part of the said defendants would result in a complete loss to him (the said plaintiff) and the creditors of said copartnership. Plaintiff further alleged the value of the said properties to be about $3000.

"The prayer of the said petition is for judgment for his said claim, with interest accrued thereon, and for the moneys appropriated by the said Welsh as alleged; for the appointment of a receiver of said properties with a view to their preservation from loss, waste, and destruction, and for the benefit of the creditors of said copartnership; and also for a

writ of injunction restraining the said defendants from in any manner interfering with said properties; and for such other and further relief in the premises as should be deemed in accordance with equity and good conscience."

The court made a preliminary order appointing a receiver and granting an injunction as prayed for in the petition, and set down the application for a receiver and an injunction for hearing on June 25, 1896, a day of the term of the court, with the right of all of the parties to be heard on the merits of the application.

Welsh pleaded to the jurisdiction of the District Court of Galveston County that it could only have jurisdiction by reason of the written contract declared on, and plaintiff could only maintain an action in Galveston County for the money due under the contract, which was not within the jurisdiction of the District Court; that he could not join therewith any cause of action for the conversion of property in Schleicher County. Mrs. Harcourt pleaded her privilege to be sued in the county of her residence, and expressly denied the charge of collusion and conspiracy between her codefendant and herself, and admitted that she took possession of the property for herself and minor child.

The case passed over to July 9, 1896, when all the parties appeared, and the court having heard the plaintiff's application and the pleas of the defendants to the jurisdiction of the court, ordered that the "pleas to the jurisdiction of this court to hear and determine the above cause be and the same are hereby sustained, except in so far as it lies within the power of this court to grant the temporary writ herein prayed for, and the said order made the 10th day of June, 1896, in so far as it appoints a receiver in said cause, be and the same is hereby vacated and annulled and set aside, but in so far as it grants a temporary injunction or restraining order in plaintiff's petition prayed for, that the same be and remain in full force until the further order in that behalf of the proper court having jurisdiction to hear and determine the said cause on its merits, and the clerk of this court is hereby ordered and directed to transmit to the clerk of the District Court of Menard County, State of Texas, at the earliest date practicable, the record in this cause." Schleicher County was an unorganized county attached to Menard County for judicial purposes.

Appellees have moved to dismiss the appeal because the judgment of the court below appealed from is not a final judgment. There is an attempt to preserve the order granting the temporary injunction, but the action of the court below was to sustain the pleas to the jurisdiction of the court and make a final disposition of the cause so far as the District Court of Galveston County was concerned. There was no change of the venue, but only an attempt to preserve the fiat of the judge granting the application for a temporary injunction. Such action was nugatory, and did not deprive the judgment of its final character in sustaining the pleas to the jurisdiction and, in effect, dismissing the cause. The motion to dismiss will be overruled.

We are of the opinion that the court below was correct in adjudging that the venue of the suit was not properly laid in Galveston County, and that it had no jurisdiction over the persons of the defendants. The suit appears to be an action for the possession of the sheep and ranch property of the late firm of Gresham & Harcourt by the surviving partner of the firm, and to have it placed in the hands of a receiver and administered for the purpose of paying the firm debts, as well as to recover of the defendant Welsh upon the contract set out in the petition. We do not think that Mrs. Harcourt can be brought from the county of her residence to litigate with the appellant her right to the possession of the property, nor that the appellee, Welsh, can be held in Galveston except upon his contract, which, in the opinion of the majority of the court, would include recovery for the sheep sold.

The judgment of the court below will be reformed in so far as it attempts to preserve the temporary restraining order, and judgment will be here rendered vacating the preliminary orders and dismissing the petition for want of jurisdiction. As reformed, it will be affirmed.

*Reformed and affirmed.*