**COHEN v. BRANDT et al.**

**No. 739.**

Municipal Court of Appeals for the District of Columbia.

Feb. 4, 1949.

Rehearing Denied Feb. 16, 1949.

I. H. Halpern, of Washington, D. C., for appellant.

H. Max Ammerman, of Washington, D. C., for appellees.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Appellant entered into a contract to purchase certain real estate from appellee Brandt and deposited $1,000 as part of the purchase price with appellee Jess Fisher & Co., Inc., a broker who acted as agent for Brandt. This action was brought by appellant to recover the deposit on the ground that appellees failed to comply with the terms of the contract.

The complaint did not allege in what respect appellees had failed to comply with the contract, but appellant filed a motion for summary judgment, supported by his affidavit and copies of certain letters as exhibits. The motion stated: "Title is not good of record in the name of the defendant, Charles F. Brandt," and assigned two clouds on title arising from (1) a deed to the property executed by a predecessor in title and (2) a condemnation proceeding commenced by the District of Columbia to acquire title to the property for public purposes. One exhibit, a letter written by appellant's attorney to Brandt, demanded return of the deposit because "you cannot convey title without defect * * *." Another exhibit, written by Brandt's attorney to appellant's attorney, stated: "Our position is this: That title is good of record in the seller, Charles F. Brandt, * * *." A second letter by appellant's attorney stated: "Title, good of record and free of clouds, cannot be given by Mr. Brandt." An affidavit of Jess Fisher in opposition to the motion stated: "That the defendant, Charles F. Brandt, is the legal owner of, and has good record title, in fee simple, * * *."

The trial court denied appellant's motion for summary judgment, and then granted appellee's motion to dismiss. The dismissal was on the ground that in order to dispose of the issue in the case it would be necessary to determine whether title offered by appellees is or is not good title, and that the Municipal Court is without jurisdiction to determine such an issue.

In the recent case of Duvall v. Southern Municipal Corporation, D.C.Mun. App., 63 A.2d 336, this Court held that a cause in which title to real estate is directly

involved is not within the jurisdiction of the Muncipal Court, and that the Municipal Court Act of 1942, D.C.Code 1940, § 11—755, did not enlarge the jurisdiction of the court in this respect. Therefore, the controlling principle here is, as was stated in Schwartz v. Murphy, 72 App.D.C. 103, 108, 112 F.2d 24, 29, "that the municipal court shall not reject jurisdiction unless and until it is made to appear that the title to land is necessarily and directly in issue between the parties."

Applying that test we think it is clear the court was without jurisdiction. The motion for summary judgment and the affidavits in support thereof and in opposition thereto show plainly that the issue between the parties was whether or not defendant had good title to the real estate. To decide the issue the court would have to determine the state of the title. Title was necessarily and directly in issue.[1]

Affirmed.

[1] Gray v. Ward, 45 App.D.C. 498; Legum v. Blank, 105 Md. 126, 65 A. 1071; Copertini v. Oppermann, 76 Cal. 181, 18 P. 256; Bates v. Ferrier, 19 Cal.App. 79, 124 P. 889; Whalen v. Buttoro, 64 N.J.L. 461, 45 A. 981.