## MINDELL v. GLENN.
### No. 759.

Municipal Court of Appeals for the District of Columbia.

April 4, 1949.

Rehearing Denied April 22, 1949.

---

H. Max Ammerman, of Washington, D. C., for appellant.

I. H. Halpern, of Washington D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CLAGETT, Associate Judge.

Plaintiff below purchased improved real property at a sale under a deed of trust made by defendant to secure a debt. Defendant having refused to surrender possession of the premises, plaintiff began this action under Section 11—735 of the 1940 D.C.Code alleging that defendant was unlawfully detaining possession of the property.

Defendant filed a verified answer in which the legality of the sale under the deed of trust was questioned and the allegation made that the case involved a question of title. Thereupon the trial court heard evidence and reached the conclusion that a question of title was involved and that the Municipal Court did not have jurisdiction to try and determine such question. The court thereupon ordered the case "sent to the files."

Thereafter plaintiff filed a motion for judgment for possession in the same action in the Municipal Court and on the same day defendant filed in the United States District Court for the District of Columbia a suit to set aside the sale of the property to plaintiff and for other relief. The trial judge in the Municipal Court again ruled he had no jurisdiction to try the case, overruled plaintiff's motion for judgment for possession, and ordered the Municipal Court action stayed pending final disposition of the proceedings in the District Court. From this order staying the Municipal Court proceedings plaintiff below brings this appeal.

■ Appellee, who was defendant below, urges that the appeal should be dismissed on the principal ground that the order staying the proceedings is not a final order or judgment and hence is not appealable. It is clear that orders staying proceedings on many grounds are not appealable. However, the reviewability of a final judgment or order is not affected by any consideration of form [1] and a holding by a court that it is without jurisdiction to try a case is obviously final in its effect.[2]

■■ Appellee also urges that the appeal should be dismissed because, although evidence was taken in the trial court, appellant has not brought here a transcript of the proceedings below or a statement of proceedings and evidence. Such statements, however, are not required where an error of law is shown to exist upon the face of the record.[3] The record before us does contain two memoranda signed by the trial judge which adequately show the grounds for his action in first returning the case "to the files" and then staying the action pending the outcome of the suit filed in the District Court. Such grounds were that the court considered that a question of title to real estate was involved and that the court did not have jurisdiction to try that question.

The procedure to be followed in an action for possession when a dispute as to title arises is provided for in the District of Columbia Code, as follows:

"If upon the trial the defendant pleads title to the premises, in himself or in another under whom he claims, setting forth the nature of said title, under oath, and shall enter into an undertaking, with suffi-

[1] 2 Am. Jur., Appeal and Error, § 29; cf. Lee v. Zentz, D.C.Mun.App., 44 A.2d 872.

[2] Haines v. State Insurance Fund, 65 Idaho 450, 145 P.2d 833; United Electrical, Radio & Machine Workers v. Westinghouse Electric Corp., D.C.E.D.Pa., 65 F.Supp. 420; McManus v. Maloy, 30 S. D. 373, 138 N.W. 963; City of Abilene v. American Surety Co., Tex.Civ.App., 73 S.W.2d 616; State v. Eigel, 210 Wis. 275, 246 N.W. 417; Schwenck v. Jacobs, Fla., 33 So.2d 592; In re Smith, 105 N.C. 167, 10 S.E. 982; Gresham v. Welsh, 17 Tex. Civ.App. 712, 41 S.W. 667; 2 Am. Jur., Appeal and Error, § 79.

[3] 4 C.J.S., Appeal and Error, § 785; cf. Moncure v. Curry, D.C.Mun.App., 42 A. 2d 143.

cient surety, to be approved by the court, to pay all intervening damages and costs and reasonable intervening rent for the premises, the court shall certify the proceedings to the District Court of the United States for the District of Columbia, and the same shall be further continued in said court according to its rules." [4]

Here defendant did not file the undertaking required by the statute. The situation arising under such circumstances has previously been determined by this court. Knowles v. Mosher, D.C.Mun.App., 45 A.2d 755. In that case we said, 45 A. 2d at page 756:

"The rule is that 'the municipal court shall not reject jurisdiction unless and until it is made to appear that the title to land is necessarily and directly in issue between the parties.' Schwartz v. Murphy, 72 App. D.C. 103, 108, 112 F.2d 24, 29. And the procedure for putting title in issue in summary proceedings for possession of real property is expressly provided by statute * * * which requires that such issue be raised by plea under oath, accompanied by an undertaking, in which event the case shall be certified to the District Court. * * * We think the provisions of the Code are mandatory for the reason that in the summary landlord and tenant action the issue to be tried is one of possession, and not of title. Brown v. Slater, 23 App.D.C. 51; Miller v. Prophet, D.C.Mun.App., 37 A.2d 450; Shipley v. Major, D.C.Mun. App., 44 A.2d 540. Questions of title can enter the case only by special plea of the defendant and such a plea must comply with the statute. If no plea of title is filed, there is no question of title in the case, and the court is free to proceed to try the issue of possession. Here, defendant filed no plea of title, filed no undertaking and sought no certification to the District Court. The trial court had no right to dismiss the proceeding for lack of jurisdiction. . * * *"

For the same reason we conclude that in the present case the trial court had no right to stay the proceeding. The question of title not having been raised effec-

tively, it was not before the court, and hence the court had no right to inquire into it.

Suits for possession, such as this, must not be confused with other categories of actions in which it is claimed that title to real property is involved. There are cases in which it is impossible to reach a conclusion unless title is decided.[5] Here, however, it appears from the memoranda of the trial court that appellant has title to the property which he seeks to reduce to possession. Appellee claims that such title was secured by fraud. Unless and until the sale is set aside appellant would be entitled to possession. If, pending the outcome of the District Court action, that court believes the status quo as to possession should be maintained, it undoubtedly has the power to enjoin plaintiff in the Municipal Court action from proceeding further pendente lite. In the absence of such an injunction or the filing of the undertaking required by the statute, the Municipal Court is bound to proceed.

Reversed with instructions to calendar the case for trial in the Municipal Court.

---

[4] Code 1940, § 11—738.

[5] Cf. Cohen v. Brandt, D.C.Mun.App., 63 A.2d 853.