(November 21, 1908.)

## I. J. STERRETT, Appellant, v. S. B. SWEENEY, Respondent.

[98 Pac. 418.]

STATUTE OF LIMITATIONS—FOREIGN CONTRACTS—PARTIAL PAYMENTS—
RESIDENCE WITHIN THE STATE—FINDINGS.

1. Under the provisions of sec. 4817 of Ballinger's Ann. Code of Washington, a partial payment made upon a promissory note, after due and before the statute of limitations has run, fixes the date of such payment as the time from which the statute begins to run.

2. The statute of limitations does not mean that the debt has been paid. It is a personal privilege which the law gives to the debtor, whereby he may say that the debt is stale, and for that reason should not be enforced.

3. This statute of Washington, however, says to the debtor that if he acknowledge the indebtedness by making a payment thereon, it becomes an acknowledgment that the debt has not been discharged, and recognizes the debt as in existence, and fixes the date of payment as a new date from which the statute begins to run.

4. This statute in effect declares that the making of a partial payment by a debtor, after the maturity of the debt and before the statute of limitations has run, is a waiver of the debtor's privilege to claim the maturity of the debt as the date from which the statute begins to run.

5. Where a resident of this state goes into the state of Washington and makes a partial payment upon a Washington contract after its maturity, and before such contract is barred by the statute of limitations of that state, upon his return to this state the contract follows him as made, and is enforceable under the laws of this state, and the statute of limitations of this state begins to run upon his re-entry into this state, after such payment.

6. In order to determine the application of the statute of limitations of this state to a contract entered into in the state of Washington, it is necessary to examine said contract and the laws of the state of Washington for the purpose of determining the date from which the statute runs.

7. A general finding that all the material allegations of the answer are supported by the evidence and true, and that all the material allegations of the complaint in conflict with the foregoing findings are unsupported by the evidence and untrue, is insufficient to support a judgment.

8. Whether residence within this state for the statutory period will prevail as a plea in bar upon a written contract, depends upon the nature of the contract, its maturity, and the date from which the statute begins to run.

(Syllabus by the court.)

APPEAL from the District Court of the Second Judicial District for Nez Perce County. Hon. Edgar C. Steele, Judge.

An action for debt. Judgment for defendant. *Reversed.*

I. N. Smith, for Appellant.

These notes, being Washington contracts, were subject to the law of revivor under the laws of Washington. (*Leman v. Cunningham,* 12 Ida. 135, 85 Pac. 212; *Mills v. Duryee,* 7 Cranch, 481, 3 L. ed. 411.) The laws of a state in which a contract is made are an integral part thereof and form part of its obligation. (*McCracken v. Hayward,* 2 How. 608, 11 ed. 397; *Bronson v. Kinzie,* 1 How. 311, 11 L. ed. 143; 8 Cyc. 998; 9 Cyc. 581; 11 Cent. Dig., sec. 750.)

The indorsements of payment on the notes in the handwriting of the debtor are effectual in the state of Washington, under the laws set forth in the complaint, and as construed by the supreme court of Washington in *Kosloski v. Yesler,* 2 Wash. Ter. 407, 8 Pac. 493; *Ah How v. Furth,* 13 Wash. 550, 43 Pac. 639. When Sweeney left Washington in 1897, the notes set forth in the second and third causes of action were not barred, either under the laws of Washington or of Idaho. (Sec. 4798, Ballinger's Ann. Codes; sec. 4051, Rev. Stat. Idaho.) When Sweeney left Washington his absence from the state tolled the statute, and these last two notes never have been barred, under the laws of Washington, because his absence from the state would prevent the running of the statute. (Sec. 4069, Rev. Stat. of Idaho.)

Geo. W. Tannahill, for Respondent.

In cases of the statutes of limitations the law of the forum should govern. (*Adams Express Co. v. Walker,* 119 Ky. 121,

83 S. W. 106, 67 L. R. A. 415.) "The plea of the statute of limitations in an action in our state on a judgment obtained in another state is a plea to the remedy, and consequently the *lex fori* must prevail in such an action. (*Arrington v. Arrington,* 127 N. C. 190, 80 Am. St. Rep. 791, 37 S. E. 212, 52 L. R. A. 204; *McElmoyle v. Cohen,* 13 Pet. 312, 10 L. ed. 177; *Drake v. Biglow,* 93 Minn. 112, 100 N. W. 664; Montague *v. Cummings,* 119 Ga. 139, 45 S. E. 979; *Krogg v. Atlanta & W. P. Ry. Co.,* 77 Ga. 202, 4 Am. St. Rep. 79; *Blackburn v. Morton,* 18 Ark. 384; *Thompson v. Tioga R. Co.,* 36 Barb. 79. See note to *O'Shields v. Georgia Pac. Ry. Co.,* 83 Ga. 621, 10 S. E. 268, 6 L. R. A. 152; *Medbury v. Hopkins,* 3 Conn. 472; *Pulsifer v. Greene,* 96 Me. 438, 52 Atl. 921; *Lamberton v. Grant,* 94 Me. 508, 80 Am. St. Rep. 415, 48 Atl. 127.)

STEWART, J.—This action was commenced May 3, 1905. The complaint contains three causes of action. The first is founded upon a promissory note executed by defendant to plaintiff, for the sum of $700, dated July, 1890, and payable on or before October 1, 1890. The place of payment is not stated in the note. The note, however, is dated at Walla Walla, Washington. It is alleged that payments were made upon said note as follows: Dec. 10, 1890, $70.00; Dec. 10, 1901, $125.00; that the latter payment was indorsed upon said note by the defendant himself at the time the payment was made. Then follow allegations as to nonpayment and amount alleged to be due. The statutes of the state of Washington are set forth as a part of said cause of action, as follows:

Sec. 4816, vol. 2, of Ballinger's Ann. Codes:

"No acknowledgment or promise shall be sufficient evidence of a new or continuing contract whereby to take the case out of the operation of this chapter, unless the same is contained in some writing signed by the party to be charged thereby; but this shall not alter the effect of any payment of principal or interest."

Sec. 4817, vol. 2 of Ballinger's Ann. Codes:

"When any payment of principal or interest has been or shall be made upon any existing contract, whether it be a bill of exchange, promissory note, bond, or other evidence of indebtedness, if such payment be made after the same shall have become due, the limitation shall commence from the time the last payment was made."

Sec. 4798 of Ballinger's Ann. Codes:

"Within six years: 1. An action upon a judgment and, etc. . . . . 2. An action upon a contract in writing or liability, express or implied, arising out of a written agreement. 3. An action for rent and, etc. . . . ." (the said statute being the statute of limitations relative to contracts in writing).

The second cause of action is founded upon a promissory note alleged to have been executed by defendant to plaintiff at Walla Walla, Washington, June 8, 1893, for the sum of $2,000, payable four months after date, at the Baker-Boyer National Bank of Walla Walla, Washington. It. is also alleged that payments were made upon said note as follows: Nov. 20, 1898, $20.00; Nov. 13, 1901, $500; that the last payment was indorsed on said note by defendant himself at the time the said payment was made. Then follow allegations of nonpayment, the amount due, and the reasonableness of the attorney's fees claimed and provided for in said note, and also. the same allegations as to the statutes of Washington as set forth in the first cause of action.

The third cause of action is founded upon a promissory note alleged to have been executed by defendant to plaintiff at Walla Walla, Washington, on October 5, 1893, for the sum of $1,700, payable 60 days after date, at the First National Bank of Walla Walla,. Washington. It is also alleged that payments were made upon said note as follows: January 27, 1898, $50; November 14, 1901, $500; that the last payment was indorsed on said note by the defendant himself at the time said payment was made. Then follow allegations of nonpayment, the amount still due, the reasonableness of the attorney's fees claimed as provided for in said note, and also

the same allegations as to the statutes of Washington as set forth in the first cause of action.

Thereafter an amendment was filed to the complaint in which the plaintiff alleged that within a period of five years last past prior to the commencement of this action, said defendant acknowledged the existence of the said indebtedness in an instrument in writing, signed by himself, and that the said defendant is the person to be charged with such acknowledgment and with such indebtedness. By such acknowledgment said defendant promised and agreed to pay the said indebtedness set out in the first cause of action. Then follow the same allegations as to the second and third causes of action.

The defendant in his answer admits the execution of the several notes set forth in the complaint, but denies that said notes were executed or delivered in the state of Washington, and denies that they are Washington contracts; denies that there is anything due upon said notes, and denies that the payments alleged to have been indorsed upon said notes by the defendant were so indorsed by the defendant; denies that defendant acknowledged the existence of said indebtedness in writing; alleges that defendant has no knowledge or information as to whether or not the payments shown to have been made upon said notes were, in fact, made, and on that ground denies the same; alleges want of knowledge or belief as to the Washington statutes as plead, and upon that ground the defendant denies the existence of same.

As a part of said answer and as a fourth defense, the defendant alleges that each of said causes of action as set forth in the complaint was barred by the provisions of sec. 4051, Rev. Stat. of Idaho, and sec. 4798, Ballinger's Codes of the State of Washington.

During the trial it was admitted by counsel that the statutes of the state of Washington existed and were in force as alleged in the complaint. Trial was had by the court, and the court made its findings of fact and conclusions of law. It found the making and delivery of each of the notes set forth in the complaint; the making of the payments indorsed;

that said notes were governed by the laws of the state of Idaho, and were barred by the provisions of sec. 4051, Rev. Stat. 1887; that the letter introduced in evidence and relied upon by the plaintiff for the purpose of renewing and reviving the notes was insufficient to revive said notes or extend the statutes or remove the bar of the statutes; that all of the material allegations of the defendant's answer are supported by the evidence and true, and that all of the material allegations of plaintiff's complaint in conflict with. the foregoing findings are not supported by the evidence and untrue. There was no finding as to whether said notes were Washington contracts or whether said notes were barred by the provisions of sec. 4798 of Ballinger's Codes.

As conclusions of law, the court found that said notes set forth in the complaint were barred by the provisions of sec. 4051 of the Rev. Stat. of Idaho; that the defendant is entitled to have the action dismissed and recover his costs. Judgment was rendered accordingly. Motion for a new trial was made and denied. This appeal is from the order overruling the motion for a new trial and from the judgment.

Before entering into a discussion of the merits of this case, it is proper to refer to what seems to have been a clerical error running throughout the case. It is alleged in the complaint, and the court finds, that sec. 4051 of the Rev. Stat. is the section applicable to the contract alleged in the complaint. This evidently is a clerical error, and .the reference no doubt was intended to be to sec. 4052. While counsel for appellant takes advantage in his argument of this clerical error, we are not inclined to permit what plainly appears to be a clerical error to affect the substantial rights of the parties in this case.

The appellant assigns as error the holding and deciding by the court that the said notes, and each of them, were and are barred by the statute of limitations, and the rendering of a decision for the defendant. These two assignments of error, in our opinion, are both well taken. Under the provisions of sec. 4817 of Ballinger's Ann. Codes of Washing-

ton, *supra,* when any payment of principal or interest has been or shall be made upon any existing contract, whether it be by bill of exchange, promissory note, bond or other evidence of indebtedness, if such payment be after the same shall· have become due, the limitation shall commence from the time the last payment was made. The first note was dated July, 1890, and was due on October 1, 1890. The statute of limitations, therefore, would begin to run on October .1, 1890, unless a new date was fixed according to the statutes of Washington by a payment on the principal, or interest, after said note became due. The second note was dated June 8, 1893, and became due October 8, 1893, and the statute of limitations would begin to run October 8, 1893, unless a new date was fixed according to the statutes of Washington by a payment on the principal, or interest, after the note became due. The third note was dated October 5, 1893, and was due on December 5, 1893, and the statute of limitations would· begin to run December 5, 1893, unless a new date was fixed as above stated.

This statute evidently has reference to payments made on contracts, before the statute has run against them. (*Creighton v. Vincent,* 10 Or. 56.) If, however, the statute is complete before payment is made, and the debt becomes dead, then to revive or continue the contract, the acknowledgment should be in writing as provided in sec. 4816 of Ballinger's Codes. If this rule be correct, then it is apparent that the plaintiff cannot recover in this case upon the first cause· of action, as it appears that the statute was complete at the time the second payment was made. In other words, more than six years had expired between the date of the first payment, Dec. 10, 1890, and the second payment, Dec. 10, 1901. In order, therefore, to revive or continue this contract under the statute of Washington, it was necessary that the defendant sign some writing whereby he acknowledge or promise to pay said debt, otherwise the statute of limitations would apply to said indebtedness. This, however, is not true as to the second and third causes of action, as it will be observed that the statute was not complete between the maturity of either

of said notes and the first payment thereon, or the first payment and the second payment, or after the last payment and the commencement of this action. Under the statutes of Washington, therefore, neither the second nor the third cause of action was barred by the statute of limitations of the state of Washington.

If the notes sued upon were Washington contracts, then the laws of the state of Washington become a part of said contracts, and the effect upon such contracts of the payments made after the notes were due and before the statute of limitations had matured, was to fix a new date from which the statute would begin to run. The statute of limitations does not mean that the debt has been paid. It is a personal privilege which the law gives to the debtor whereby he may say to the creditor: "You have waited so long before action has been instituted to collect the claim, it has become stale, and for that reason you should not be permitted to maintain an action thereon." This Washington statute, however, comes to the relief of the creditor and says to the debtor: "If you acknowledge an indebtedness by making a payment thereon, it becomes an acknowledgment upon your part that the debt has not been discharged, and by reason of your recognizing the existence of the indebtedness, the law fixes such recognition as a new date from which the staleness of the claim may be determined, and from which the right to maintain an action thereon may be reckoned." The statute in effect says that by making such payment, the debtor waives the privilege of having the time, prior to such payment, reckoned as a part of the time to be computed under the statute of limitations, and denies to the debtor the right to plead the statute as a bar until the required time shall have run after such payment. (*Stubblefield v. McAuliff,* 20 Wash. 422, 55 Pac. 637; *Ah How v. Furth,* 13 Wash. 550, 43 Pac. 639.) This is also true in the absence of a statute. (*Hopkins v. Stout,* 6 Bush, 375; *English v. Wathen,* 9 Bush, 387; *Littlefield v. Littlefield,* 91 N. Y. 203, 43 Am. Rep. 663.) If, then, the payments made were a recognition by the defendant of the existence of said contract and his liability thereon, and

fixed the date of payment as the time from which the statute of limitations should begin to run, then the defendant could not plead the statute of limitations of the state of Washington as a bar to an action upon said notes until the expiration of six years from the date of the last payment thereon.

The trial court seems to have concluded that the payments made upon the notes sued upon did not keep said notes alive in the state of Idaho or prevent the statute of limitations of this state from running against the same, and that the defendant's residence within this state for the period of five years was sufficient to sustain the plea of the statute and bar the plaintiff's right to recover upon said notes.

This position is untenable in the light of the law of the state of Washington and the effect the law of that state gave to the act of payment. When the defendant entered the state of Washington and made partial payments upon the notes sued upon, and thereafter returned to this state, he returned with his liability fixed, and a new date was established for the beginning of the statute. The statute of limitations of that state would not become complete until the expiration of six years from the date of the last payment made upon said notes, and the statute of this state would not become complete until five years from the date of such last payment, or 1906. By making such payment, the defendant recognized said notes as live contracts, and such live contracts followed him into this state, and the statute would begin to run in this state upon his re-entry into the state after such payment. The mere fact that the defendant had resided within this state for a period of more than five years prior to the commencement of this action would not be sufficient to avail him of the plea of the bar of the statute. Such plea must be determined in the light of the contracts and the statutes of the state of Washington, where the contract was made, as the statute of that state entered into and became a part of said contracts. (9 Cyc. 582; *McCracken v. Hayward*, 43 U. S. 608, 11 L. ed. 397; *United States v. City of New Orleans*, 17 Fed. 483; *Parsel v. Barnes*, 25 Ark. 261; *Collins v. Collins*, 79 Ky. 88; *Fowler v. Smith*, 2 Cal. 568.)

We think, in order to determine the questions involved in this case as to whether or not the contracts sued upon were barred by the statute of limitations of this state, it was necessary to examine and determine the question as to whether or not said contracts were Washington contracts, and alive and binding upon the defendant at the time that he returned into this state, after making such partial payments. If said contracts were Washington contracts, and it was necessary to determine this question before the court could conclude whether the action was barred by the statute of limitations of this state, then it was necessary for the court to make a finding whether the notes sued upon were Washington contracts, and whether or not the defendant acknowledged the existence of said contracts in the state of Washington by making payments thereon, and thereby fixed the time of such payment as the date from which the statute would begin to run. Upon this question the court made no finding whatever. The court, however, did find generally that all the material allegations of the answer were supported by the evidence and true, and that all the material allegations of the plaintiff's complaint, in conflict with the foregoing findings, were unsupported by the evidence and untrue. This finding is not sufficient. (*Wood v. Broderson,* 12 Ida. 190, 85 Pac. 490; *Olympia Mining Co. v. Kerns,* 13 Ida. 514, 91 Pac. 92; *Brown v. Macey,* 13 Ida. 451, 90 Pac. 339.)

It follows from this discussion that the trial court failed to find upon all the material issues in the case. The judgment will be reversed and a new trial ordered. Costs awarded to appellant.

Ailshie, C. J., and Sullivan, J., concur.