ROSANDICH, Respondent, vs. CHICAGO, NORTH SHORE & MILWAUKEE RAILROAD, Appellant.

*November 11—December 9, 1924.*

*Workmen's compensation: Judgment on award: How taken: When: Statute authorizing: Constitutionality: Judicial notice: Railroad as interstate carrier: Stipulation conferring jurisdiction on industrial commission: How construed.*

1. Sec. 102.20, Stats., is construed to authorize the circuit court to take testimony as to existing defaults in payments due under an award of the industrial commission, and to enter judgment in accordance with the award, as disclosed by the certified copy presented and the testimony taken. p. 186.
2. Such a judgment may be entered after the thirty days provided for a review of the action of the commission have expired; and the employee's applications to the commission to modify and increase an interlocutory award do not nullify the award so as to bar a judgment thereon. p. 187.
3. This court will take judicial notice that the appellant railroad is an interstate carrier; and while a stipulation that it and the plaintiff employee both came under the provisions of the workmen's compensation act did not give the industrial commission jurisdiction to enter an award in favor of the employee, such stipulation must be construed to intend to express the fact that at the time of the injury he was engaged in intrastate work. p. 188.

4. Sec. 102.20, Stats., authorizing a judgment by the circuit court
   on an award of the industrial commission, is not unconstitu-
   tional as being purely elective.   The parties may, and by
   electing to come under it do, agree that its provisions shall
   apply to them.  *Booth Fisheries Co. v. Industrial Comm., ante,*
   p. 127.  p. 188.

APPEAL from an order of the circuit court for Milwau-
kee county: OTTO H. BREIDENBACH, Circuit Judge.   *Af-
firmed.*

Plaintiff was employed as a section hand by the defendant
*Chicago, North Shore & Milwaukee Railroad,* and while
returning from work in the afternoon of August 13, 1921,
the motor handcar on which he rode was derailed and he
suffered an injury to the metatarsal bones of his foot.   As
a result of his injury he spent sixty-three days in the hos-
pital at Racine and has never returned to work.   Sometime
prior to the 13th day of February, 1922, he filed a claim
with the industrial commission, and as a result of the hear-
ing an award was made in the sum of $407.16, to be paid
within ten days of the date of the award, and the sum of
$14.04 was ordered paid weekly thereafter until the further
order of the commission.   It was stipulated upon the hear-
ing before the commission that both parties were subject
to the workmen's compensation act.   The defendant railroad
paid the weekly instalments till March 20, 1923, when it
discontinued making payments.   On November 21, 1923,
the plaintiff took judgment in the circuit court for the
amount of the unpaid instalments.   The defendant railroad
company moved to vacate the judgment, and upon the re-
fusal of the circuit court to do so this appeal was taken.

For the appellant there were briefs by *Edgar L. Wood* of
Milwaukee, attorney, and *A. L. Gardner* of Chicago, of
counsel, and oral argument by *Mr. John T. McQuaid* of
Milwaukee and *Mr. Wood.*

For the respondent there were briefs by *L. A. Zavitovsky,*
attorney, and *Quarles, Spence & Quarles* and *Leroy J. Bur-*

*lingame,* of counsel, and oral argument by *Arthur B. Doe,* all of Milwaukee.

VINJE, C. J.   It is claimed first that there is no statutory provision for entering a judgment upon an interlocutory award.   Sec. 102.18 of the Statutes of 1923 provides:

"After final hearing by said commission, it shall make and file (1) its findings upon all the facts involved in the controversy, and (2) its award, which shall state its determination as to the rights of the parties.   Pending the final determination of any controversy before it, the commission shall have power after any hearing, to make interlocutory findings, orders and awards which may be enforced in the same manner as final awards."

Sec. 102.20 provides for judgments on awards and reads as follows:.

"Either party may present a certified copy of the award to the circuit court for any county, whereupon said court shall, without notice, render a judgment in accordance therewith; which judgment, until and unless set aside as hereinafter provided, shall have the same effect as though duly rendered in an action duly tried and determined by said court, and shall, with like effect, be entered and docketed."

The plaintiff in this case produced before the circuit court a certified copy of the award, and upon evidence taken as to default in payment the judgment was entered.   It is claimed by the appellant that there was no power in the circuit court to take testimony; that under the statute it might enter a judgment in accordance with the award.   In other words, that the judgment must correspond with what is recited upon the face of the award.   We think this is too narrow a construction of the statute.   It goes without saying that where there is a default in payment evidence is essential to determine the amount due at the time judgment is entered.   The same rule prevails with reference to the entering of a judgment upon a note upon which there may have been partial payments made, or payments may have

been made which have not been indorsed upon the note. In such case the court properly takes testimony as to the amount due, and when such evidence is taken the judgment entered thereon is in accordance with what the note provides; so here the judgment entered is in accordance with the award and the facts existing as to defaults in payments. No claim is made that the judgment was entered for too large an amount.

The contention that the judgment upon the award should have been made within the thirty days provided for the right to review the action of the commission is so plainly untenable that we decline to discuss it. It is also claimed that, since the plaintiff made a number of applications to the commission to modify and increase the interlocutory award, therefore no award existed because such applications nullified and set aside the award. This too is obviously unsound. Under the theory of appellant all a person has to do to nullify an award is to make an application to modify it. This is neither law nor sense.

Claim is also made that the commission had no jurisdiction of the subject matter. As before stated, the parties stipulated that both came under the provisions of the workmen's compensation act. It is true that such a stipulation did not give the commission jurisdiction of the subject matter if such jurisdiction did not exist, but the stipulation must be construed to mean that at the time plaintiff was injured he was engaged in intrastate work. In other words, the parties stipulated that the facts were such that the commission had jurisdiction. Such stipulation they could make. While it is true that the court will take judicial notice that the appellant is an interstate carrier, still it is equally true that section men employed by such interstate carriers are often engaged in purely intrastate work. Such as gathering ties, *Alexander v. G. N. R. Co.* 51 Mont. 565, 154 Pac. 914; removing old rails, *Ill. Cent. R. Co. v. Kelly,* 167 Ky. 745, 181 S. W. 375; *Perez v. Union Pac. R. Co.* 52 Utah, 286,

173 Pac. 236; working upon a private spur track, *Liberti v. Staten Island R. Co.* 223 N. Y. 682, 119 N. E. 1053, and like or similar duties. It will be construed in this case that the stipulation was intended to express the fact that at the time of his injury the plaintiff was engaged in intrastate work.

The contention that sec. 102.20 is unconstitutional is sufficiently met by what is said in the case of *Booth Fisheries Co. v. Industrial Comm.*, lately decided by this court (*ante,* p. 127, 200 N. W. 775), which holds in effect that since the act is purely elective, the parties by electing to come under it agree and have the power to agree that its provisions shall apply to them and be followed. We base our ruling upon this ground, but it may be interesting to note that in the case of *Endicott-Johnson Corp. v. Encyclopedia Press, Inc.,* 45 Sup. Ct. 61, decided by the supreme court of the United States November 17, 1924, it was held, in reviewing a garnishment statute of the state of New York, that it was not necessary that the original debtor should have notice of garnishment proceedings; that since the statute provides for such proceedings and since he was duly served in the action upon which the judgment against him was entered, he must be deemed to have notice of such subsequent proceedings as the statute permits. Citing a large number of cases. It may be said in this instance equally that the appellant agreed to abide by the provisions of the workmen's compensation act by electing to come under it, and since he had notice and was heard upon the application for an award he must be deemed to have notice of the subsequent proceedings which the act authorizes. We do not, however, place the decision upon this ground, but suggest it as probably a valid one in case the act were not elective.

*By the Court.*—Order affirmed.