(No. 5249.   December 4, 1929.)

EDITH L. CRAIG, I. H. DEAN, EMMA GREGG and
DAISY G. COOPER, Respondents, v. H. A. PAR-
TRIDGE and H. CRAIG, Defendants; H. A. PAR-
TRIDGE, Appellant.

[282 Pac. 940.]

G. W. Lamson and D. L. Rhodes, for Appellant.

A. L. Anderson, for Respondents.

WM. A. BABCOCK, Commissioner.—This action was brought by the respondents in the district court of Canyon county against the defendants, H. A. Partridge, appellant, and H. Craig, to quiet title to certain real property, situated in Canyon county.

The complaint set out two causes of action: The first relating to a certain tract of land in what is known as Kurtz Addition to Nampa, Idaho; the second covering lots in Arlington Addition to Nampa, Idaho.

In both causes of action the respondent, Edith L. Craig, claimed title to the land in question as her sole and separate property.

Plaintiffs Dean, Gregg and Cooper are made parties to the action because certain portions of the Kurtz Addition property had been conveyed to them.

The appellant H. A. Partridge filed an answer denying the title of the respondent, Edith L. Craig, to the property, and a cross-complaint against all the plaintiffs and the defendant, H. Craig, claiming the property by virtue of a certificate of sale issued by the sheriff of Canyon county; and also alleging that certain deeds made by H. Craig to the respondent, Edith L. Craig, were without consideration and were made at a time when H. Craig was insolvent, and for the purpose and with the intent to hinder, delay and defraud the creditors of said H. Craig.

H. Craig defaulted both as to the original complaint and the cross-complaint.

The respondents filed their answer to the cross-complaint, denying all the material allegations thereof, and also pleading as an affirmative defense thereto, C. S., subd. 4, sec. 6611, in bar of the action in so far as the Kurtz Addition property was concerned.

The case was tried by the court, without a jury, and findings of fact, conclusions and judgment were made and entered in favor of the respondents on their complaint and against the appellant on his cross-complaint.

Appellant contends that these findings and judgment are not supported by the evidence.

The respondent claims title to the tract of land in Kurtz Addition by virtue of the purchase of the same from her husband, H. Craig; and, upon the trial, introduced in evidence a deed from him dated July 3, 1924, conveying the property to her, said deed containing the provision that the same was conveyed to her and was to be held by her as her sole and separate property, together with the rents, issues and profits thereof.

As to the lots in the Arlington Addition, the respondent claims title thereto by virtue of the purchase of the same from her son, Earl Craig, and introduced in evidence a deed therefor from Shirley Pendleton and wife, dated March 27, 1927, with a like provision as to the same being granted to her as her sole and separate property.

The appellant claims title to the property in question (subject to redemption), by reason of holding a certificate of sale of the same, issued to him by the sheriff of Canyon county, the property having been purchased by him at a sale under an execution issued upon a deficiency judgment recovered in 1926 in his favor and against H. Craig in an action to foreclose a mortgage given by Craig to him.

Mrs. Craig testified that in 1905 she received a legacy under the will of her uncle, Martin Kingman, of $1,000. That in 1910, on the death of her mother, she received $900, consisting of money and stock owned by her mother, which

was turned over to her. That at the time of the receipt of this money she loaned the same to her husband, H. Craig, who promised and agreed to repay it with interest.

That on July 3, 1924, she had a settlement with her husband, at which time they figured that there was due her, on account of the money so loaned to him, together with interest thereon $4,100, and at that time the land in what is known as Kurtz Addition was deeded to her by her said husband, subject to incumbrance against the same, in full payment and settlement of her claim against him, and that at all times subsequent thereto she has dealt with the property as her sole and separate property in all respects.

That said tract of land contains about forty-nine acres, and was incumbered by a mortgage of $10,000, which she assumed. That there was a contract for the sale of a portion of this property to a Mr. Dean and Mr. Craig at the time, and it was agreed that in case they carried out their contract she was to join in a deed with her husband, H. Craig, to that portion of the property, and that afterwards she did so join in a deed conveying said property, being blocks 117 and 136 in Kurtz Addition.

The Arlington property, according to her testimony, was acquired by her by purchase in a three-cornered deal between Earl Craig, Shirley Pendleton and herself, in which she obligated herself and her separate property for the consideration paid for the same.

That the deal was carried out in this way: Her son owned a property in Nampa known as the Madison Avenue property, which he traded to Pendleton for property in Nampa, with a small house on it, known as the Arlington property, for which she traded her son two acres of land in the Kurtz Addition property and paid him $500 in cash. The title to the Arlington property being still in Shirley Pendleton, it was deeded by him direct to her. That there was a mortgage on the Arlington property of $500, and she obtained a new loan on the property in order to obtain the $500 which she paid to her son. That neither she nor her

husband had any interest in the property traded by her son to Pendleton.

There was introduced in evidence a certified copy of the will of Martin Kingman, certified by the clerk of the probate court of Peoria county, Illinois; and the same contains a bequest to Lucy Kingman of $1,000. Mrs. Craig testified that her maiden name was Edith Lucille Kingman, and that she was generally known before her marriage as Lucy Kingman, and that she is the legatee named in the said will as Lucy Kingman.

The testimony of H. Craig is substantially the same as that of his wife, as to her receiving $1,000 as a ·legacy from her uncle, and $900 from the estate of her mother, and having loaned it to him, and his promise to repay it, with interest, and the settlement between them, and the conveyance of the property to her as a result of their settlement. There is no dispute but that prior to the conveyance of the property by H. Craig to his wife the same was community property.

The only evidence in the case as to the insolvency of H. Craig at the time of his conveyance of the Kurtz Addition property to his wife, is that of the appellant Partridge to the effect that in the spring of 1925 he was pressing H. Craig for payment of interest on his loan and also for payment of taxes, and threatened foreclosure of his mortgage. Craig told him that if he started foreclosure he would go into bankruptcy. On the other hand, Craig testified that at the time of the conveyance of the property to his wife he owned property, aside from the Kurtz Addition property, of the approximate value of $30,000, and was indebted in the amount of $10,000, which was secured.

There is evidence in the record to the effect that the property in question was sold in 1920, and again in 1921, for $10,500. There is no evidence that in 1924, at the time of the transfer of The Kurtz Addition property to Edith L. Craig, the land mortgaged to the appellant was not ample security for his loan; and it is reasonable to assume that it was so considered by him, as he did not start his fore-

closure action until 1926, although the mortgagor was in default in the payment of interest on the loan and taxes on the property in 1923. Such evidence is insufficient to warrant setting aside a conveyance alleged to be in fraud of creditors, when the action is brought by a secured creditor. (*McMillan v. McMillan*, 42 Ida. 270, 245 Pac. 98.)

As to the contention that there was no consideration for the transfer from H. Craig to his wife, Edith L. Craig, according to the testimony of Edith L. Craig, and her husband, at the time of the conveyance, principal and interest on money loaned by her to him, amounted to $4,100, which the evidence shows was about the value of the equity of H. Craig in the property in question; and if, as a matter of fact, he was owing her that amount of money, he had a right to transfer the property to her even though such transfer might amount to a preference in her favor as to his other creditors, and even though the statute of limitations might have run as to his original obligation to her. (*Sterrett v. Sweeney*, 15 Ida. 416, 128 Am. St. 68, 98 Pac. 418, 20 L. R. A., N. S., 963; *Rogers v. Oregon-Washington R. & N. Co.*, 28 Ida. 609, 156 Pac. 98; *Littler v. Jefferis*, 36 Ida. 609, 212 Pac. 866.)

As to the Arlington Addition property, the evidence shows that the Madison Avenue property, exchanged by Earl Craig with the Pendletons for this property, was owned by Earl Craig and that H. Craig had no interest therein. Edith Craig exchanged for the Arlington property certain portions of the Kurtz Addition property, and in addition paid Earl Craig $500 in cash, which she obtained by loan on her separate property.

As to that portion of the property conveyed to Dean, Gregg and Cooper, it having been determined that the transfer of the Kurtz Addition property to Edith Craig by her husband was valid, it follows that they obtained a good title thereto.

I have carefully examined the record and find no warrant for holding that there is not therein substantial evidence to support the findings and conclusions of the trial court,

and am of the opinion that the judgment should be affirmed, with costs to respondent, and so recommend.

The foregoing is approved as the opinion of the court, and the judgment is affirmed. Costs to respondent.

Budge, C. J., and Givens, Wm. E. Lee and Varian, JJ., concur.

T. Bailey Lee, J., did not sit.