(No. 5878.   December 22, 1932.)

STATE INSURANCE FUND, Plaintiff, v. Hon. EVERETT E. HUNT, District Judge of the Eighth Judicial District of the State of Idaho, in and for Boundary County, and to Said Court, Defendant.

[17 Pac. (2d) 354.]

Charles F. Reddoch and J. J. McCue, for Plaintiff.

E. B. Smith, for Defendant.

LEE, C. J.—On February 4, 1919, Arthur N. Fisk died from injury due to an accident arising out of and in the course of his employment with the Bonner Tie Company: he was protected by the State Insurance Fund. Thereupon his widow, Myra Fisk, as a dependent, filed with the Industrial Accident Board her claim as provided for under the terms of the Workmen's Compensation Law. After a

tedious course of litigation unnecessary to detail here, the board on June 3, 1925, made the following award:

"It is ordered, adjudged and decreed that the claimant, Myra Fisk, do have and receive from the Bonner Tie Company, defendant, and State Insurance Fund, its surety, the sum of One Hundred and no/100 ($100.00) Dollars to cover burial expenses, and the further sum of Forty-three Hundred Twenty and no/100 ($4320.00) Dollars payable at the rate of Ten and 80/100 ($10.80) Dollars per week for a full period of four hundred weeks, subject, however, to be terminated upon the death or re-marriage of said Myra Fisk, claimant, should she die or re-marry prior to the time that her right to the full amount of such compensation shall accrue."

On July 3d following, the State Insurance Fund paid Mrs. Fisk the sum awarded for burial expenses and $43.20 compensation for four weeks, thereafter paying her continuous, monthly instalments of $47.80 until and including December 27, 1927. She died without remarrying January 5, 1928, having received only $1,477.20 of the original award of $4,420, at that time fully accrued. On February 24, 1932, Clarence M. Fisk, son of the deceased, and administrator of her estate, presented to defendant, Hon. Everett E. Hunt, Judge of the Eighth Judicial District, his petition together with a certified copy of said award, setting forth the facts above stated and praying that as administrator he be substituted in the stead of his deceased mother and awarded summary judgment under C. S., sec. 6271, as amended by chap. 217, sec. 13, p. 479, of the 1921 Session Laws, for the balance claimed due upon the award, with interest accrued.

At that time, the entire award had become due and payable more than five years prior to the filing of the petition and more than four years after Mrs. Fisk's death. Claiming that the court was without jurisdiction of either person, subject matter or question to be decided, the State Insurance Fund filed formal objection, in addition invoking the bars of the statutes of limitation, C. S., secs. 6608, 6609,

6610, 6611 and 6617. Hearing was had and, on March 10, 1932, the court made and entered judgment in petitioner's favor for the claimed balance of $2,842.80 plus interest, at seven per cent, aggregating $1,449.62, a total of $4,292.62. The matter is now here upon the State Insurance Fund's contested application for a writ of review.

Upon application for a writ of review, the sole business of this court is to inquire into the single question of jurisdiction. (C. S., sec. 7249; *Beus v. Terrell*, 46 Ida. 635, 269 Pac. 593; *Mays v. District Court*, 40 Ida. 798, 237 Pac. 700.) Such defenses as statutes of limitation cannot be considered. (C. S., sec. 6713; *Sterrett v. Sweeney*, 15 Ida. 416, 98 Pac. 418, 128 Am. St. 68, 20 L. R. A., N. S., 963.) Nor may they be made the bases for affirmative relief. (*Burditt v. Burditt*, 62 Kan. 576, 64 Pac. 77.)

It is conceded that the sole question involved is whether or not the court acted without jurisdiction in rendering the particular summary judgment. Every phase of a controversy before the board is withdrawn from the operation of common-law rules, and under the provisions of C. S., sec. 6271, as amended by chap. 217, sec. 13, p. 479, of the 1921 Session Laws, no general jurisdiction is given the court to determine any question of fact or law necessary to support the award as rendered by the board in the first instance. If not modified or reversed on a subsequent appeal, the board's award, unless void, is final and conclusive. But inasmuch as the purpose of said section is to enable the injured employee, his personal representatives, dependents and next of kin to enforce the board's award, the court is by the statute given express and implied authority to do any and all things necessary to effectuate the spirit and intent of the award. To do this the court must, of itself, make certain determinations. Upon an application for summary judgment, the first duty of the court is to satisfy itself that the applicant is a party in interest, entitled to make such application. Unless it is so satisfied, it has absolutely no jurisdiction to proceed.

It will not do to say that, to acquire this information, the court is restricted to the party named in the award. The statute does not say "any party in interest as designated by the award," but it clearly means any party in interest existent at the time of the application. Such party may be an entirely different person from the one named in the award. The award never contemplated other than that the injured employee should primarily and his personal representatives, dependents and next of kin secondarily be the beneficiaries of it. The rendition of summary judgment in favor of such secondarily contemplated beneficiary, although not named in the award, is, therefore, in direct accordance with the intent of the award. Had the statute intended that the summary judgment should merely rubber stamp the award, it would have imposed upon the court a purely ministerial duty, requiring it to do the work of a clerk or recorder and enter a judgment that in many instances would be a falsity as to the sum adjudged due, and would name a deceased person as judgment creditor.

In the instant case, if the proposed literal construction is to be upheld, we have a court entering judgment for a sum, a large part of which at the time is conceded not to have been due and owing, and in favor of a judgment creditor long dead and incapable of invoking execution. The unpaid part of the award belonged to the estate of Myra Fisk (*Haugse v. Sommers Bros. Mfg. Co.*, 43 Ida. 450, 254 Pac. 212, 51 A. L. R. 1438): It was the exclusive duty of her administrator to collect it. (C. S., secs. 7685, 7687.) This duty was imposed upon him by general statute. He was the sole and only person legally authorized to collect it, and his first step was to put the claim in such shape as would enable him to execute on it. While an administrator owns no part of the estate, he is a trustee in the broadest sense. (23 C. J. 1170, par. 387.) He is not only the personal representative of the deceased, but he occupies toward the estate "a fiduciary relation of peculiar significance." (*Flynn v. Driscoll*, 38 Ida. 545, 558, 223 Pac. 524, 34 A. L. R. 352.) He represents the legal title. (11 Cal. Jur.

1004, par. 638, note 15.) So long as he is functioning, no heir or other person interested in the estate can sue to enforce a claim in the estate's favor. At the time, he is the one and only party in interest as contemplated by C. S., sec. 6271, as amended by chap. 217 of the 1921 Session Laws.

Summary judgment for the amount actually due in favor of an interested party *in esse*, who can enforce judgment by execution, is not a violation of the requirement that the judgment shall be in accordance with the terms of the award. That the court has jurisdiction, without notice, to take testimony and ascertain the proper sum for which to enter judgment was squarely passed upon in *Rosandich v. Chicago etc. Co.*, 185 Wis. 184, 201 N. W. 391. The Wisconsin statute is as follows:

"Either party may present a certified copy of the award to the circuit court for any county, whereupon said court shall, without notice, render a judgment in accordance therewith; which judgment, until and unless set aside as hereinafter provided, shall have the same effect as though duly rendered in an action duly tried and determined by said court, and shall, with like effect, be entered and docketed."

The court said (p. 392):

"The plaintiff in this case produced before the circuit court a certified copy of the award, and, upon evidence taken as to default in payment, the judgment was entered. It is claimed by the appellant that there was no power in the circuit court to take testimony; that, under the statute, it might enter a judgment in accordance with the award—in other words, that the judgment must correspond with what is recited upon the face of the award. We think this is too narrow a construction of the statute. It goes without saying that, where there is a default in payment, evidence is essential to determine the amount due at the time judgment is entered."

The objection that the summary statute is unconstitutional, in that it permits entry of judgment without notice, was directly considered and answered in the negative by *Raggi v. H. G. Christman Co.*, 92 Ind. App. 337, 151 N. E.

833. The court holding that all parties not having exempted themselves from the operation of the act had constructively agreed to be bound by all its provisions: the announcement was (p. 834):

"The statutory provision for reducing an award of compensation to a judgment is new and strange. The idea that a court may first render a judgment and thereafter notify the parties strikes a lawyer as a genuine novelty; but upon reflection, the mystery disappears. Every employer and every employee who fails to exempt himself from the provisions of the Compensation Law thereby constructively agrees to be bound. by all the provisions of that law. Sections 2, 3, Comp. Law. One of the provisions of the law, to which the parties thus agree, is that, in an appropriate case, an award by the Industrial Board may be reduced to a judgment without summons or any other prior notice from the court. The purpose of reducing an award of compensation to a judgment is obvious. It enables the person in whose favor compensation has been awarded to have execution *in default* of payment, and creates a lien on the property of the employer." (Italics ours.)

How could payment or default of payment be determined save by the Court on proper evidence? If by the rule of the Indiana case, the parties not having exercised their privilege to exempt themselves are deemed to have agreed to all the steps provided in the Compensation Act, how are they going to escape the step provided by C. S., sec. 6271, as amended, in the face of C. S., sec. 6219, which declares that the parties are presumed to have agreed to the rights and remedies prescribed by our own act?

In New Jersey, a copy of the award filed in the court of common pleas becomes, *ipso facto,* a judgment of that court, and in turn may be docketed in the supreme court, where, upon failure to comply with the original order for compensation, the court may determine the compensation due, and execution may issue upon proof of such failure. All these steps having been assailed upon the constitutional grounds of lack of notice, the court in *Heldrich v. American Incu-*

*bator Mfg. Co.*, 104 N. J. L. 492, 141 Atl. 770, 771, held no notice was necessary, the parties being compelled to take cognizance of all the steps under the act, available to the decedent's widow. The court said:

"The receivers, and consequently the insurance carrier, were in court by lawful process on the original award. They were obliged thereafter to take cognizance of the steps available to the petitioner by virtue of the various statutes; and, in the absence of statutory provision directing otherwise, no notice was required of the filing of the award in the common pleas court, its docketing in the supreme court, or the order declaring the whole amount due upon proper proofs of failure to comply with the award, and that execution issue thereon. These various steps were but lawful measures in aid of the primary judgment and its enforcement."

We do not think the summary statute forecloses any adverse party to protest or correct the judgment as entered. The court is expressly directed to notify the parties of the judgment entered. Of what do they need notice? Nothing, if the judgment is in literal accordance with the award. Its only possible purpose is to apprise such party of any divergence from the original award, working an injustice. The notice invites him to investigate and, if need be, avail himself of such relief as the law affords, whereby the entire judgment or any part of it can be corrected.

The Raggi case, *supra*, has been cited as defining "the party in interest" to be the one in whose behalf the award was made. A reading of that case shows that the employee named in the award was still alive, and that the term was used to designate the party in interest, entitled to invoke the benefits of the summary statute, as contradistinguished from the employer who, wholly without right, was seeking to invoke it. In construing the wording of C. S., sec. 6271, as amended, the ultimate purpose of the Compensation Act should not be lost sight of, and there should be applied the ancient rule of reason, "The letter killeth but the spirit giveth life." (2 Cor., chap. 3, vi.)

Defendant contends that C. S., sec. 2551, etc., providing legal interest on "money after the same becomes due," became incorporated into the award, and that the interest item was properly included in the summary judgment.

The issue is squarely met by sec. 15, chap. 217, p. 480, of the 1921 Session Laws, delimiting the specific instances wherein interest at the legal rate is permissible after the date of the award and restricting it to judgments rendered upon appeal to the district or supreme court. It was the evident intention of the legislature that in no other instances should awards as awards bear interest. It therefore follows that the district court was wholly without jurisdiction to incorporate into its summary judgment an integer directly inhibited by statute.

The lower court is accordingly directed to strike from said judgment the entire interest item. Otherwise, the writ is denied.

Budge, Givens and Varian, JJ., concur.

Leeper, J., took no part in the decision.