(No. 5970–A. February 25, 1933.)

C. B. KELLEY, Respondent, v. CARL PROUTY, Employer, and STATE INSURANCE FUND, Surety, Appellants.

[19 Pac. (2d) 1061.]

Paris Martin, for Appellants.

E. B. Smith, for Respondent.

HOLDEN, J.—Respondent moves to dismiss the appeal from an order denying appellants' motion for a new trial. November 17, 1921, the Industrial Accident Board awarded the respondent $4,800, four hundred weeks at $12 per week. On the eleventh day of September, 1931, nearly ten years

afterwards, respondent caused judgment to be entered against the appellants, based upon a certified copy of the award of the Industrial Accident Board, for compensation at the rate of $12 per week, commencing February 17, 1921, and ending October 14, 1928. It appears from the record that respondent had been paid the sum of $4,580 at the time the said judgment was taken. Following the entry of said judgment in the district court, and on the ninth day of October, 1931, respondent filed a partial satisfaction of said judgment acknowledging the receipt of the said sum of $4,580. September 21, 1931, appellants filed notice of motion for a new trial, and on the twenty-sixth day of September, 1931, filed a motion for a new trial. On the seventeenth day of October, 1932, appellants' motion for a new trial was denied.

Respondent's motion to dismiss this appeal presents the question as to whether an appeal lies from an order of the district court denying appellants a new trial, where a judgment has been rendered and entered based upon a certified copy of an award of the Industrial Accident Board, no appeal having been taken from the award.

· I. C. A., sec. 43–1410, provides as follows:

"Any party in interest may file in the district court for the county in which the injury occurred, if such injury occurred within the state, otherwise in the district court for the county where the employer resides, a certified copy of a decision of the board awarding compensation from which no appeal has been taken within the time allowed therefor, or a certified copy of a memorandum of agreement, approved by the board, whereupon said court shall, without notice, render a decree or judgment in accordance therewith, and notify the parties thereof. Such decree or judgment shall have the same effect and all proceedings in relation thereto shall thereafter be the same as though said decree or judgment had been rendered in a suit duly heard and determined by said court, and shall with like effect be entered and docketed, except that there shall be no appeal therefrom, and the same shall not constitute a lien upon the

real property of the employer unless execution be levied thereon.''

The respondent caused judgment to be rendered and entered against appellants under that section. It will be observed it is provided that a decree or judgment rendered upon a certified copy of a decision of the Industrial Accident Board shall have the same effect and all proceedings in relation thereto shall thereafter be the same as though said decree or judgment had been rendered in a suit duly heard and determined by the court, and shall with like effect be entered and docketed, *except that there shall be no appeal therefrom.*

Section 9, article 5, of the state Constitution provides: ''The Supreme Court shall have jurisdiction to review, upon appeal, any decision of the district courts, or the judges thereof.'' Section 13, article 5, of our Constitution, provides: ''The legislature shall have no power to deprive the judicial department of any power or jurisdiction which rightly pertains to it as a co-ordinate department of the government; but the legislature shall provide a proper system of appeals, and regulate by law, when necessary, the methods of proceeding in the exercise of their powers of all the courts below the Supreme Court, so far as the same may be done without conflict with this constitution.''

Section 13, *supra,* does not confer an absolute right of appeal, and under that section the cases and matters in which appeals might be prosecuted and also the practice and procedure were left to the legislature, and if it should see fit not to provide any method of appeal or should provide that appeals could not be had, the legislative conclusion and decision would be final and conclusive. In other words, the right to appeal is purely statutory. (*In re Sharp,* 15 Ida. 120, 136, 96 Pac. 563, 18 L. R. A., N. S., 886; *Weiser Irr. Dist. v. Middle Valley Irrigating Ditch Co.,* 28 Ida. 548, 155 Pac. 484; *Evans State Bank v. Skeen,* 30 Ida. 703, 167 Pac. 1165.)

It being well settled that appeals are purely statutory and that the legislature may provide or deny the right of appeal, and the leglislature, in the proper exercise of its legislative power, having expressly denied the right to appeal, it necessarily follows that no appeal lies, either directly or from an order denying a motion for a new trial, from any judgment or decree rendered and entered under I. C. A., sec. 43–1410, *supra*.

It will be observed that I. C. A., secs. 43–1410, provides that, when no appeal has been taken to the district court from an award of the Industrial Accident Board, then upon the filing of a certified copy of the decision of that board awarding compensation, the district court *shall, without notice,* render a decree or judgment in accordance therewith, and notify the parties thereof.

The writer of this opinion has fully and carefully considered what is said in *State Insurance Fund v. Hunt, ante,* p. 639, 17 Pac. (2d) 354, but still and nevertheless entertains grave doubts as to the constitutionality of section 43–1410, *supra,* among other reasons, because it provides that judgment may be rendered and entered against a party to an Industrial Accident Board matter, as above stated, upon an award of a fact finding board, without service of any process out of the district court, without trial and without notice, and, therefore, it seems, without due process of law. The appellants, I assume on account of *State Insurance Fund v. Hunt, supra,* do not challenge the constitutionality of that section, but insist that an appeal lies from an order denying a new trial, where judgment was rendered and entered against them as provided by section 43–1410, *supra.*

Motion to dismiss appeal granted and appeal dismissed.

Budge, C. J., and Givens, J., concur only in holding that a motion for a new trial is not the correct method of attacking a judgment of the kind considered herein.

Morgan, J., was disqualified, and took no part in. the decision.