[Civ. No. 9335. First Appellate District, Division Two.—April 13, 1934.]

CLAUDE B. NORTON, Appellant, v. WILLIAM L. BLENKIRON et al., Defendants; FRED C. WOLTER et al., Respondents.

Davis & Thorne for Appellant.

Jones, Stephenson, Palmer & Moore for Respondents.

SPENCE, J.—Plaintiff brought this action seeking to set aside certain alleged fraudulent conveyances, which conveyances had been made by defendant Frederick C. Wolter to defendant Dora Louise Wolter, his sister. At the time of the filing of defendants' answer, defendant Dora Louise Wolter filed a cross-complaint seeking to quiet title to the property so conveyed. At the close of plaintiff's case the trial court granted defendants' motion for a nonsuit. After taking evidence in support of the cross-complaint, judgment was entered in favor of the cross-complaint. Plaintiff appeals from the judgment of nonsuit and the judgment in favor of the cross-complainant.

It appears that in 1926 defendant Frederick C. Wolter executed his promissory note in the sum of $26,500 in favor of plaintiff, which note was secured by a mortgage on certain real property. In September, 1930, plaintiff herein commenced an action to foreclose said mortgage. In February, 1931, and while said action was pending, defendant Frederick C. Wolter conveyed practically all other property owned by him to defendant Dora Louise Wolter. Thereafter a decree of foreclosure was entered and the property was purchased by plaintiff on the foreclosure sale for the sum of $25,000. The deficiency judgment in favor of plaintiff amounted to $5,925.33. Execution on said judgment was returned unsatisfied and this action was subsequently brought.

■ Upon the trial plaintiff testified on his own behalf and also called defendant Frederick C. Wolter as an adverse witness. From the testimony offered it appears that the main issue in the minds of the parties during the trial was whether the conveyances had been made, as claimed by defendants, in partial satisfaction of a pre-existing indebtedness owing by defendant Frederick C. Wolter to defendant Dora Louise Wolter or whether said conveyances were made without a valuable consideration. As we view the situation, however, we need not discuss these conflicting claims. We may assume that said conveyances were made without any valuable consideration, but plaintiff failed to introduce any testimony, other than the testimony of the defendant Frederick C. Wolter, showing the market value of the property covered by the mortgage at the time that the conveyances were made. Said defendant Frederick C. Wolter testified that said property had a market value of $31,000. In other words, plaintiff failed to show that the indebtedness to him was not fully secured, but on the contrary the evidence affirmatively showed that said indebtedness was fully secured. In the absence of the showing referred to, we believe that the nonsuit was properly granted and that the judgment was properly given in favor of the cross-complainant.

Many authorities are cited in the briefs of the parties but practically all of the cases cited deal only with unsecured claims. Here the plaintiff, who was seeking to set aside the conveyances as fraudulent, was a secured creditor of the defendant Frederick C. Wolter. While plaintiff was nevertheless a creditor and entitled upon a proper showing to bring an action of this character, we are of the opinion that it was essential for plaintiff to show that defendant's indebtedness to him was not fully secured in order to establish his right to have the conveyances set aside as fraudulent. The mere showing that plaintiff purchased the mortgaged property on the foreclosure sale for an amount which was inadequate to discharge the indebtedness was insufficient.

In *McMillan* v. *McMillan*, 42 Idaho, 270 [245 Pac. 98], the court said, at page 99: "Whatever the general rule may be with respect to the burden of proof in actions to set aside

conveyances alleged to be in fraud of creditors, it must be kept in mind that this action is by a secured creditor, one who held mortgage security for the payment of his debt. The transfer in no manner endangered the mortgage security. . . . The transfer was not fraudulent, if the husband had sufficient remaining property to pay his debt, and respondent was under no necessity at the trial to prove that H. T. McMillan's property was sufficient, when the gift was made, to pay the debt, in the absence of evidence on behalf of appellant that the property mortgaged to secure the payment of the debt was not sufficient for that purpose. That to satisfy a judgment for the debt, together with costs and attorney's fees, the property was subsequently sold under foreclosure and bought in by the creditor for a sum less than the judgment, resulting in the deficiency judgment, is of no consequence, if the property retained by H. T. McMillan was, when the payments for the land and its gift were made, sufficient to satisfy the then existing debt. The validity of such a transfer does not depend on subsequent events. (27 C. J., p. 498, sec. 160; *Van Wyck* v. *Seward,* 6 Paige (N. Y.), 62 [affirmed, 18 Wend. 375]; *Polk County Nat. Bank* v. *Scott,* 132 Fed. 897 [66 C. C. A. 51]; *Crandall* v. *Lee,* 89 Wash. 115 [154 Pac. 190]; *Wagner* v. *Law,* 3 Wash. 500 [28 Pac. 1109, 28 Am. St. Rep. 56, 15 L. R. A. 784]; and *Kain* v. *Larkin,* 131 N. Y. 300 [30 N. E. 105].)'' In addition to the authorities cited in the foregoing opinion, see, also, *Craig* v. *Partridge,* 48 Idaho, 471 [282 Pac. 940].

Plaintiff apparently concedes that there was no evidence of any actual intent to defraud but he cites section 3442 of the Civil Code and contends that under certain circumstances no actual intent to defraud need be shown. We do not believe that said section is helpful to plaintiff in the instant case, there being an entire absence of any showing of the insufficiency of the security at the time that the conveyances were made.

The further claim is made that the trial court erred ''in failing to permit plaintiff to introduce further testimony''. An examination of the record shows that the only request made by plaintiff was to recall the defendant Frederick C. Wolter. Said defendant had been examined at

length and as no new line of examination was proposed, we find no abuse of discretion in the refusal of said request.

The judgment of nonsuit and the judgment in favor of the cross-complainant are affirmed.

Nourse, P. J., and Sturtevant, J., concurred.