(No. 7110. February 3, 1944.)

HOWARD HAINES, Employee, and J. F. KONEN, Employer, Respondents, v. STATE INSURANCE FUND, Surety, Appellant.

[145 Pac. (2d) 833.]

Bert H. Miller, Attorney General, and J. R. Smead, Assistant Attorney General, for appellant.

Oscar W. Worthwine and E. B. Smith for respondent Howard Haines; Carey H. Nixon for respondent J. F. Konen.

DUNLAP, J.—On July 31, 1935, respondent Howard Haines, then in the employ of respondent J. F. Konen, sustained a personal injury by accident arising out of and in the course of his employment with said Konen. A claim was filed with the Industrial Accident Board and thereafter, on proceedings had from time to time before the board, the claimant Haines and Konen, the employer, and his surety, the State Insurance Fund, entered into a compensation agreement on March 6, 1941, providing for payment to the plaintiff of certain sums. This agreement was approved by the Industrial Accident Board on March 22, 1941, and thereby became, within the purview of the Workmen's Compensation Law, the award of the board.

No appeal was taken therefrom and said agreement was not modified, although on February 18, 1942, Konen and the State Insurance Fund filed with the board a petition entitled "Application for Hearing," and on May 1, 1942, said parties filed with the board an "Amended Application for Hearing and Petition," wherein it is alleged, among other things, that claimant was not then, and had not been since the spring of 1936, totally disabled for work, and since March 6, 1941, and until the said date of the amended

application, had not been disabled on account of said injury, and had been able to be gainfully employed, and was not then disabled for work and was able to follow a gainful occupation, except for a temporary injury to his hand, and that he had been paid compensation for continuous total disability over a period in excess of any period of any disability which the claimant actually had suffered on account of said injury; that on March 6, 1941, and until on or after July 1, 1941, the petitioners did not know that Haines was not totally disabled, nor that he had been gainfully employed since March 6, 1941; that the agreement of March 6, 1941, was procured by claimant in part by fraud, in that he had represented to the State Insurance Fund, its officers and employees, that he was wholly and totally unable to work at a gainful occupation; then follow allegations with reference to claimant's particular employments during various periods of time, and they ask that the agreement of March 6, 1941, so approved by the board on March 22, 1941, be set aside and vacated.

The matter is apparently still pending before the board.

Thereafter, and on March 17, 1942, the claimant filed his petition in the District Court of Valley County, to which was attached a certified copy of the agreement for compensation as approved by the board, and in which he prayed for judgment in his favor against Konen and State Insurance Fund, and each of them, for compensation so fixed by the said approved agreement, as provided by sec. 43-1410, I.C.A., together with statutory interest.

Thereafter, and on the same day, the said court, pursuant to the provisions of the section immediately above referred to, entered its judgment for the enforcement of the award against Konen and State Insurance Fund, in favor of the employee Haines, as provided in said section.

Thereafter, and on March 23, 1942, State Insurance Fund filed with the said court in said cause its motion to vacate and set aside said judgment, to which motion the employee Haines, on March 4, 1942, filed in said court and cause his motion for order denying the motion to set aside said judgment. On May 1, 1942, State Insurance Fund filed in the said court and cause an amended motion to vacate and set aside said judgment, and on December 29, 1942, the trial court made its order denying this motion, which order was filed January 8, 1943.

An appeal from this order was duly taken by the State Insurance Fund and the matter is now before us on a motion filed in this court and cause by the employee Haines, to dismiss this appeal.

The motion to dismiss the appeal presents the question as to whether an appeal lies from an order of the District Court denying a motion by an appellant to vacate and set the judgment of that court rendered, entered and based on an award of the Industrial Accident Board, under the provisions of sec. 43-1410, I.C.A.,[1] no appeal having been taken from the award.

The constitutionality of this section (43-1410, I.C.A.) was apparently upheld by this court in *State Insurance Fund v. Hunt,* 52 Ida. 639, 17 P. (2d) 354.

Sec. 43-1413, I.C.A., as amended by sec. 3, chap. 175, 1937 Session Laws, p. 290, provides that all questions arising under the Workmen's Compensation Act, if not settled by agreement or stipulation of the parties interested therein, with the approval of the board, shall, except as otherwise provided in the act, be determined by the board, and that the decisions of the board are enforcible by the District Court under the provisions of said sec. 43-1410, I.C.A., and that there is a right of appeal from decisions of the board to the Supreme Court under the provisions of sec. 43-1408, I.C.A.

Sec. 43-1408, I.C.A., as amended by sec. 1, chap. 175, 1937 Session Laws, p. 288, provides that an award of the

[1]"43-1410. Enforcement of award.—Any party in interest may file in the district court for the county in which the injury occurred, if such injury occurred within the state, otherwise in the district court for the county where the employer resides, a certified copy of a decision of the board awarding compensation from which no appeal has been taken within the time allowed therefor, or a certified copy of a memorandum of agreement, approved by the board, whereupon said court shall, without notice, render a decree or judgment in accordance therewith, and notify the parties thereof. Such decree or judgment shall have the same effect and all proceedings in relation thereto shall thereafter be the same as though said decree or judgment had been rendered in a suit duly heard and determined by said court, and shall with like effect be entered and docketed, except that there shall be no appeal therefrom, and the same shall not constitute a lien upon the real property of the employer unless execution be levied thereon."

board in the absence of fraud is final and conclusive between the parties, except as provided in sec. 43-1407, I.C.A., (providing for modification of the award and agreement within four years from the date of the accident causing the injury, on application to the board by any party), unless, within thirty days an appeal is taken to the Supreme Court.

It will be noted from the provisions of sec. 43-1410, I.C.A., that no appeal lies from the judgment of the District Court made and entered thereunder. This legislative provision was enacted for the purpose of enforcing awards made by the board. In the case of *Ybaibarriaga v. Farmer*, 39 Ida. 361, 371, 228 P. 227, in discussing and interpreting said sec. 43-1410, I.C.A., this court said: "It will be observed from a reading thereof, and in connection with other provisions of the law relating to appeals from the board to the District Court, that it applies only in cases where no appeal has been taken, and is only intended to confer power on the District Court to enforce an award of said board where the aggrieved party has failed to avail himself of the right of appeal as provided in other sections of the act."

In *Kelley v. Prouty*, 52 Ida. 743, 746, 19 P. (2d) 1061, this court considered and discussed our state constitutional and statutory provisions, relative to appeals, including the power of the legislature to regulate same, and held that under our constitution the right of appeal was purely statutory. See also on this point the recent decision of this court, *Catherine A. Cain v. C. C. Anderson Co. of Caldwell*, 65 Ida. 443, 145 P. (2d) 483, involving a question very similar to the one involved here. The only difference being that in that case the precise question decided was whether or not an appeal would lie under such circumstances as we have here direct from a judgment entered on a certified copy of an award on which no appeal had been taken, while in this case and as above stated, the question is whether or not an appeal will lie from an order of the District Court denying a motion to set aside and vacate a judgment entered by the court on a certified copy of the award from which no appeal was taken.

We are not called upon here to consider the merits of either of appellant's said applications before the board, nor the right of the board to reopen the case on the showing made, and, of course, do not do so as that matter is not now before us, and the reference to these applications here

is merely for the purpose of clarification of understanding as to the status of the case in connection with our consideration of the sole question before us, and that is, appellant's claimed right of appeal from the order denying its motion to set aside and vacate the judgment appealed from.

In this decision we, perhaps, go into the question of procedure in this type of case rather extensively, and probably unnecessarily so, but have deemed it well to do so, because there appears to be some uncertainty as to procedure to be followed in a situation as shown by the record to exist here.

█ The attorney general, arguing for the state fund, takes the position that the District Court had no jurisdiction to enter the judgment on the award, because the award was obtained, as we understand his contention, by the fraud of claimant. He also urges the application of the principle of law that courts always have inherent power to determine the question of their jurisdiction, and further that such determination, whether right or wrong, is subject to review by the appellate court. This rule is well established, and we concede the correctness thereof, but to hold that the jurisdiction of a district court to enter a judgment, from which the statute specifically provides no appeal will lie, may be reviewed directly, or as in this case, indirectly on an appeal from an order denying motion to set aside and vacate such a judgment, presents an entirely different question.

█ It is well settled that appeals are purely statutory, and that the legislature may provide or deny the right of appeal. This legislative power is granted by the provisions of sec. 13, art. 5, of the state constitution, and in event the legislature should see fit not to provide any method of appeal or should provide appeals should not be had, the legislative decision is final and conclusive. Neither can the express will of the legislature be evaded in such an indirect method as an appeal from an order denying a motion to set aside such non-appealable judgment. (*Kelley v. Prouty*, 52 Ida. 743, 746, 19 P. (2d) 1061, supra.)

█ However, it does not follow that sec. 43-1410, I.C.A., supra, denying the right of appeal forecloses any adverse party to protect or correct the judgment as entered (*State v. Reed*, 3 Ida. 554, 32 P. 202; *Bedke v. Bedke*, 56 Ida. 235, 53 P. (2d) 1176), and if the question of jurisdiction is involved as claimed in this case, that may be reached

by application for writ of review. (*State Insurance Fund v. Hunt,* 52 Ida. 639, 17 P. (2d) 354; *Ada County v. Bottolfsen,* 61 Ida. 64, 97 P. (2d) 599.)

■ Under the circumstances of this case, however, as shown by appellant's pleadings alleging fraud in the procurement of the award, it would seem that a surety and employer have a remedy for correction of such an award by application to the Industrial Accident Board for correction or modification, since it is apparent by the provisions of sec. 43-1408, I.C.A., as amended by sec. 1, chap. 175, 1937 Session Laws, p. 288, that such an award does not become final and conclusive, even after the statutory time of appeal therefrom has expired, if such award is obtained by fraud. In connection with this provision of our statute, attention is also directed to sec. 43-1414, I.C.A., providing "The District Court, upon the filing with it of a certified copy of a decision of the board, ending, diminishing or increasing compensation previously awarded, shall revoke or modify its prior decree or judgment so it will conform to said decision."

It therefore follows, the motion to dismiss this appeal must be and is granted.

Costs to respondent Haines.

Holden, C.J., and Ailshie, Budge, and Givens, JJ., concur.