## Harlan-Wallins Coal Corporation v. Hensley.

(Decided February 6, 1931.)

A. G. PATTERSON for appellant.

POPE & HUFF for appellee.

OPINION OF THE COURT BY JUDGE REES—Reversing.

On December 17, 1929, the Kentucky Workmen's Compensation Board entered an award in which they found that the claimant, Lawrence Hensley, who is the appellee here, had a condition of temporary total disability for a period of 24 weeks as a result of an accident sustained on March 5, 1928, received in the course of his employment, and was entitled to compensation at the rate of $13.41 per week for such period of temporary total disability less one week waiting period. The award then proceeded: "The board further finds, orders and adjudges that as a result of said injury and following the period of temporary total disability the said claimant had a condition of permanent partial disability of 25% to the foot and is entitled to and hereby awarded compensation at the rate of $3.00 per week for a period of 125 weeks subject to a credit of the amount paid for temporary total disability, with 6% interest on all past due payments." Appellant had paid appellee $107.28 for temporary total disability and, after the rendition of the award, tendered him $267.72, the amount awarded by the board for temporary total disability less the amount that had been paid.

Appellee insists that he was entitled under the award to compensation for temporary total disability for 23 weeks at $13.41 per week, and for permanent partial disability to his foot for 125 weeks at $3 per week, or a total sum of $683.43, subject to a credit of $107.28 which had theretofore been paid. Pursuant to section 4939, Kentucky Statutes, he filed in the circuit court a certified copy of the award of the board and moved for a judgment in accordance with the award. The court rendered judgment against the Harlan Wallins Coal Corporation

for the sum of $308.43 covering the period of temporary total disability and for the sum of $375 for permanent partial disability of 25 per cent. to his foot, subject to a credit of $107.28 theretofore paid, or a total of $576.15, and the coal corporation has appealed.

No appeal was taken from the award of the Compensation Board, and by section 4939 of the Statutes, the only judgment that could be rendered by the circuit court was one in conformity with the award of the board. The board in its award found that appellee had a condition of temporary total disability for a period of 24 weeks and was entitled to compensation at the rate of $13.41 per week for such period less one week waiting period. It also found that following the period of temporary total disability appellee had a condition of permanent partial disability of 25 per cent. to his foot and was entitled to compensation at the rate of $3 per week for a period of 125 weeks subject to a credit of the amount paid for temporary total disability.

It is apparent the board made the award under section 4899, Kentucky Statutes, as construed in Fame Armstrong Laundry Co. v. Brooks, 226 Ky. 22, 10 S. W. (2d) 478. The correctness or incorrectness of the board's award is not before us for determination, since no appeal was taken to the circuit court within the time prescribed by law. Even if erroneous, the circuit court had no option except to enforce the award as made. The circuit court should have rendered judgment for $375 with 6 per cent. interest on all past-due payments, subject to a credit of $107.28.

Wherefore the judgment is reversed, with directions to enter a judgment in conformity herewith.