## Holt Brothers Mining Co. v. Fisher et al.

(Decided June 19, 1934.)

KIRK & BARTLETT for appellant.

SAMUEL M. ROSENSTEIN and LOGAN & LOGAN, and GIL- MORE KEOWN for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

On March 6, 1933, Will Lee Fisher, an employee of Holt Brothers Mining Company, died as the result of an injury caused by an accident arising out of and in the course of his employment. On March 10, an agreement was entered into between his dependents and the mining company whereby they were allowed compensation at the rate of $10.73 a week for 335 weeks. The agreement was signed by Mrs. Lodema Fisher, widow of the decedent, and by Holt Brothers Mining Company, by Independence Indemnity Underwriters, by J. Craig Riddle & Company, and was approved by the Workmen's Compensation Board on April 18, 1933.

On June 8, 1933, the Board entered the following order:

"It is ordered that Barnes & Smith, Attorneys for plaintiff herein be allowed the sum of $409.45, as attorneys fee, for services rendered, and the defendant company or its insurance carrier is directed to deduct the said sum from any compensation that may be found to be due plaintiff commuting sufficient of the final payments under the award to a lump sum for that purpose."

On August 22, 1933, Mrs. Lodema Fisher, Barnes & Smith, attorneys, and others prepared a written notice informing the Holt Brothers Mining Company that on Monday, September 4, 1933, they would tender and

move to file in the Ohio circuit court, and have entered as the judgment of that court, both the original award and the subsequent award fixing the attorney's fee, and directing its commutation and payment in a lump sum. On August 25, 1933, the notice was served on Oscar Durham, chief officer and agent of the corporation, in charge of its business in Ohio county, and a copy of the notice, together with the return thereon, was filed in the Ohio circuit court. At the same time certified copies of the original agreement and of the subsequent award fixing the attorneys' fees were filed. On motion made the same day the proceeding was submitted for judgment. Thereupon it was ordered and adjudged that Mrs. Fisher recover of the Holt Brothers Mining Company certain past-due payments, together with her costs, and that she have execution therefor. It was further ordered and adjudged that W. H. Barnes and C. E. Smith recover of Holt Brothers Mining Company the sum of $409.45, the fee fixed by the Workmen's Compensation Board, together with interest and costs, and that the sum be commuted from the final payments. The Holt Brothers Mining Company appeals.

Our conclusions on the questions involved are as follows:

1. Section 4939, Kentucky Statutes, reads in part as follows:

"Any party in interest may file in the circuit court of the county in which the injury occurred a certified copy of a memorandum of agreement approved by the board or of an order or decision of the board, or of an award of the board on appeal from, or of an award of the board rendered upon an appeal, whereupon said court shall render judgment in accordance therewith and notify the parties. Such judgment shall have the same effect and all proceedings in relation thereto shall thereafter be the same as though said judgment had been rendered in a suit duly heard and determined by said court."

The purpose of the statute is to enforce the prompt payment of compensation allowed by the Board, or agreed to and approved by the Board. The statute does not require the party in interest to file a pleading of any kind, but authorizes the rendition of a judgment in ac-

cordance with the agreement approved by the Board, or an order or decision of the Board from which no appeal has been prosecuted on the filing of a certified copy thereof, and requires the court to notify the parties. Here the parties in interest not only followed the prescribed procedure, but gave notice in advance of their intended action. In the circumstances it cannot be doubted that the court had jurisdiction to render the judgment.

2. Appellant did not prosecute an appeal from the awards, and that being true the awards, even if erroneous, are binding on the court on motion for judgment under the statute. Harlan-Wallins Coal Corporation v. Hensley, 237 Ky. 310, 35 S. W. (2d) 333. Conceding that appellant could attack the agreement on the ground that it was void, it filed no pleading making such attack. It rests its case on the face of the alleged agreement, and insists that the agreement is invalid because it was not shown that the insurance carrier had authority to act on behalf of appellant, or that those acting for the insurance carrier had the power to act on its behalf. In view of the fact that it is customary for the insurance carrier, through its agents or attorneys, to adjust claims for compensation in the name of and on behalf of the employer, we are inclined to the opinion that an agreement signed, as was the agreement in this case, and approved by the Board, is sufficient on its face to authorize the judgment, unless it is made affirmatively to appear that the agreement was signed without authority.

3. We do not regard the agreement as invalid because it was signed only by the widow and mother of the other dependents, who were infants, and did not sign. Under the statute where the dependents are a widow, or other head of a family of minor children, and one or more minor children, the widow may make application for compensation on behalf of all, and the benefits in case of death may be paid to the widow in behalf of all as may be determined by the Board. Section 4909, Kentucky Statutes. As the statute contemplates that the agreement between employee and employer shall conform to the provisions of the act, and the agreement is not effective as an award unless approved by the Board, section 4931, Kentucky Statutes, Stewart v. Model Coal Co., 216 Ky. 742, 288 S. W. 696, we think the power of the widow to apply for and receive benefits on behalf of her minor children carries with it the

power to execute an agreement on their behalf.

4: There is no merit in the contention that the Board was without jurisdiction to make the award fixing the attorneys' fee and commuting the payments. It is true that the Board may not enter an order after a petition for review has been filed, January-Wood Company v. Bramel, 252 Ky. 258, 67 S. W. (2d) 14, but no petition for review was filed in this case. On the contrary, the case was still pending before the Board, and the Board had authority under the statute to fix the attorneys' fee, and commute a sufficient amount of the final payments of the award to pay the fee allowed. Section 4942, Kentucky Statutes; Eagle Fluorspar Co. v. Larue, 231 Ky. 757, 21 S. W. (2d) 1026.

5. It was not shown that the agreement which was approved as the award of the Board, or that the subsequent order fixing the attorneys' fee and commuting the payments, was void. It necessarily follows that the court did not err in following the statute and rendering judgment in conformity with the award.

Judgment affirmed.