## Davis v. City of Williamsburg.

(Decided Nov. 24, 1936.)

B. B. SNYDER for appellant.

J. B. JOHNSON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—Affirming.

In this action by Tom Davis against the City of Williamsburg and T. J. Curd to recover for personal injuries, the court directed a verdict in favor of the defendants and plaintiff has appealed as against the City of Williamsburg alone.

The evidence for appellant is in substance as follows: He was employed at the relief office in Williamsburg. It was his duty to carry mail to and from the post office. On July 15, 1935, he was on his way to the post office with the mail. The mail was being made up and he was in a hurry. On the corner of Third and Main streets and between the relief office and the post office is a large building owned by T. J. Curd. In one of the rooms on Main street Curd operates a restaurant. The front of the building in which the restaurant was located was flush with the sidewalk and has a glass front. Besides a regular door which opens inside, there is a screen door on the street opening which opens outside and into the sidewalk for a distance of about 2½ feet. This condition had existed for several months. Opposite the screen door and on the outer edge of the sidewalk were two signs, triangular in shape, and about 2 feet wide at the bottom. On the signs were advertisements of beer and food sold in the restaurant. Near the beer signs and a few feet from the door there was a telephone pole and also a garbage can in the outer edge of the sidewalk. The garbage can was 20 inches or more square and about 3 feet high. These obstructions had been there for 10 months. A new building was in the course of construction adjoining the restaurant and several men had congregated there. As Davis was passing the restaurant the screen door was opened and hit him in the left side of the face. At the time he was in a "little trot," and claims that the crowd and obstruction on the street pressed him over to the door. Appellant further testified as follows:

"Q. 9. How long have you been working there? A. More than three years. I don't know exactly the time.

"Q. 10. You know how that door was swinging there, how that opened, didn't you? A. Yes sir.

"Q. 11. You passed by there many times and had been in and out of there? A. Yes sir.

"Q. 12. And had known that for three years, hadn't you? A. Yes sir.

"Q. 13. Did you know how the other doors in town were swung besides that door—screen door swinging out? A. Two doors I paid particular attention to. That was that door and the other one right by it. One would get you going up town and the other one coming. * * *"

"Q. 80. Now, when you did that, when you saw that man put his hand on the door, you knew Henry Wilson, didn't you? A. Yes sir.

"Q. 81. You saw him come toward the door, didn't you? A. Yes.

"Q. 82. How far away were you when you saw that happen? A. I was two feet from the door when I saw him raise his hand, but I thought I would beat him, but the door just kindly hit me.

"Q. 83. You were in a hurry, trotting, Tom, and trying to beat him? A. I didn't know whether he would open it or not.

"Q. 84. You tried to beat him? A. I couldn't stop. I was so close I couldn't stop. I tried to beat him.

"Q. 85. Did you increase your trot? A. No, saw him put his hand there. Didn't think he would open it, but he opened it.

"Q. 86. You saw him, how far away were you when you saw him? A. I was about four feet away when I saw him put his hand on the door.

"Q. 87. You thought you would beat him? A. Yes, thought I would do that."

Whether the facts proven were sufficient to show liability on the part of the City, we need not determine. The restaurant had a glass front. Appellant frequently passed by the building and knew that it had a swinging door. He saw Henry Wilson coming toward the door. In one place he said that he was 2 feet away from the door when he saw Wilson raise his hand, and another place that he was about 4 feet away when he saw him put his hand on the door. Seeing Wilson with his hand on the door, he had no right to conclude that he would not open the door, or that he could get by before the door was opened. All that he had to do in order to avoid the danger was to raise his own hand or step aside. Instead of doing this, he with full knowledge of the situation, tried to "beat him," that is, get by before the door was opened, and there is no escape from the conclusion that in doing this he was guilty of contributory negligence as a matter of law. Cecil v. Oertel Co., 239 Ky. 825, 40 S. W. (2d) 328. It follows that the peremptory instruction was proper.

Judgment affirmed.