## Conda Coal Co. et al. v. Caldwell.

(Decided March 19, 1937.)

CRAFT & STANFILL for appellants.

ROY HELM for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

On January 12, 1931, the appellee and plaintiff below, Elbert Caldwell, was an employee of the appellant Conda Coal Company, and on that day he sustained an injury compensable under our Workmen's Compensation Act (Ky. Stats. 1930, sec. 4880 et seq.). The parties accepted and were working under it, and on February 5, following his injuries, plaintiff made formal application to the Compensation Board for an award adjusting the compensation to which he was enittled under the facts. After a hearing the board, on September 15, 1931, awarded plaintiff $7.80 per week for 20 weeks from and after January 19, 1931, and from the expiration of that period it awarded him $3.90 per week for a period of 180 weeks. On September 28th the parties filed with the board form No. 18, which embodied a settlement of all of the awarded compensation in a lump sum of $858. That agreement was approved or acquiesced in by the board, and later there was filed with it a receipt for the entire amount, signed by plaintiff and witnessed by his then attorney, M. K. Eblen, of Hazard, Ky. Nothing more appears to have happened thereafter until July 15, 1935, when plaintiff by an attorney—other than the one who procured for him the compensation and signed his receipt—filed a motion before the board to reopen the cause and in which it is stated that he (plaintiff) "moves that the above styled claim be reopened, on account of mistake, and the plaintiff files herewith and makes a part hereof his affidavit in support of this motion." In his affidavit he stated, in substance, the above facts; but that he had been paid only $600, and that the balance of the lump-sum settlement was yet unpaid and due him.

The fact of payment or nonpayment was gone into by the board upon the consideration of that motion, and it determined that the award had been completely and fully settled by the employer or its risk carrier. Plaintiff then filed his (this) petition for review in the Perry

circuit court against his employer, the board, and its members, in which he prayed for a judgment setting aside the order of the board dismissing his reopening motion, and that the case be remanded to the board for a hearing on what the pleader styled "the merits of the case." The board thereafter, pursuant to the provisions of law, filed in the Perry circuit court the entire record before it, and that record, including affidavits of plaintiff, constituted the entire one before that court. It first rendered judgment dismissing plaintiff's petition, but later in the term it set that judgment aside and rendered one in accordance with the prayer of the petition; to reverse which defendants prosecute this appeal.

There are two compelling reasons why the judgment appealed from was improper: (1) That the board, in determining whether or not it would reopen the case as requested in plaintiff's application therefor, went into the merits of the only question presented, i. e., whether or not the lump sum-award had been paid in its entirety, and determined that it had been, and therefore denied the motion, and (2) the board had no jurisdiction of the only question involved in the application, and for which reason it should have dismissed it without a hearing on the merits. For that reason, alone, its dismissal order was proper, although based on a different ground or reason. We will briefly discuss them in the order named.

■ In the case of Happy Coal Company v. Hartbarger, 233 Ky. 273, 25 S. W. (2d) 384, we held that the practice rule contained in section 4935 of our present Statutes (section 52 of our Compensation Act) applied in a motion of this kind when the board, upon its hearing, went into the merits of the question forming applicant's basis for making the motion. That rule is—as so contained in the statute—that courts will not disturb the finding of fact by the board if it is sustained by any legitimate testimony. In that case an application of the same nature as the one here involved was denied for the reason stated. Other prior ones were referred to in that opinion, and the conclusion therein reached has since been followed by us in the cases of Woodford Oil & Gas Company v. Creech, 250 Ky. 307, 67 S. W. (2d) 1031; Happy Coal Company v. Hartbarger (second appeal) 251 Ky. 779, 65 S. W. (2d) 977; and Byrne & Speed Coal Corporation v. Dodson, 263 Ky. 848, 94 S. W. (2d)

24. So that, if the board had possessed jurisdiction of the subject-matter of the motion, its finding that the award had been fully paid, being sustained by a preponderance of the evidence (much more than by only *some* evidence), was conclusive on the Perry circuit court in which the review petition was pending.

■ But reason (2) itself furnishes a complete bar to the prosecution of this motion before the Compensation Board. In the first place the board is not a court, but only a fact-finding agency with only the attributes of a court to that extent. It possesses no power to *enforce* the collection of any of its awards, or any order made by it through and by its own process, corresponding to executions on judgments of duly constituted courts. It is upon that ground that compensation statutes are sustainable and upheld. See Greene v. Caldwell, 170 Ky. 571, 186 S. W. 648, Ann. Cas. 1918B, 604. Therefore, the act creating the board (and the machinery for its functioning), in its section 56, now section 4939 of Baldwin's 1936 Revision of Carroll's Kentucky Statutes, provided means whereby an award of the board might be *enforced*, and which was, by the claimant filing in the circuit court of the county in which the injury occurred a certified copy of the award and asking for judgment thereon. If it was of the nature therein described, it is made the duty of the circuit court to render judgment; however, provision is therein made for the obligor in the award to receive notice, and of course he may contest the right of the applicant to a judgment. Upon such a hearing any fact furnishing a legal defense (protanto or entire) would be available to the defendant in that character of application. Here, as we have seen, no complaint is made of the amount of the award, nor has anything occurred subsequent to its rendition authorizing any increase or reduction thereof. The sole question is one of payment of a portion of the award which plaintiff claims has not been paid by his employer.

The text in 71 C. J. 1414, sec. 1365, points out the propriety, as well as the exclusiveness, of such method of enforcement, wholly divorced from any other question, and says that: "The only way an agreement of the parties or a decision of the board as to compensation can be enforced is by a proceeding in a particular court."

However, it is also shown therein that some compensation statutes provide otherwise and, of course, such provision should be followed and are available where they exist and are not in conflict with constitutional provisions. It is also shown in that text (a consequence that would necessarily follow) that the power, authority, and jurisdiction to .enforce carries with it like authority, power, and jurisdiction to determine whether or not there is any obligation to be enforced, and, therefore, if the court applied to should find that what was once an obligation had become extinguished by payment, it would then be its duty to refuse to render judgment for the award or any part of it so paid. See, also, sections 1372 to and including section 1376, covering pages 1420 to and including 1424 of the same volume. In the latter section on page 1424 the text says: ''The court must admit testimony showing payments made on the award.'' To that text in note 94 are cited the cases of State Insurance Fund v. Hunt, 52 Idaho, 639, 17 P. (2d) 354; Board of Education of High School District v. Industrial Commission, 308 Ill. 445, 140 N. E. 39, and Rosandich v. Chicago, N. S. & M. R. Co., 185 Wis. 184, 201 N. W. 391. However, as appears from the authorities referred to, the court on such an application for a judgment may not inquire into the merits of the case to determine whether or not the award was properly rendered. The only extent of inquiry that it may make is, whether the award is then in force and effect, and if so, whether or not it has been complied with. Such was the effect of our holding in the case of Holt Bros. Mining Co. v. Fisher, 255 Ky. 418, 74 S. W. (2d) 469, and which was also done in the prior one of Harlan-Wallins Coal Corporation v. Hensley, 237 Ky. 310, 35 S. W. (2d) 333.

It is apparent, therefore, that the instant application of plaintiff to the Board of Compensation was unauthorized, and that instead of proceeding in that manner he should have applied to the Perry circuit court for a judgment against his employer for the unpaid amount of the award rendered against the latter as claimed by him. The hearing of such application should be preceded by proper notice to the obligor in the award, and the questions at issue should be determined according to the facts presented on the hearing. Not having pursued that course, and the one adopted being un-

authorized, the board properly dismissed it, and the Perry circuit court erred in holding otherwise.

Wherefore, for the reasons stated, the judgment is reversed, with direction to set it aside, and to then dismiss the petition.