## W. M. Ritter Lumber Co. v. Begley, Sheriff, et al.

Nov. 28, 1941.

Craft & Stanfill for appellant.

D. G. Boleyn for appellees.

OPINION OF THE COURT BY JUDGE TILFORD—Reversing.

Appellant operated a plant in Perry County, and on December 5, 1936, Ance Shepherd was killed while in its employ. Both parties had accepted the provisions of the Workmen's Compensation Act, Kentucky Statutes, Section 4880 et seq., and an application for compensation under its provisions was duly filed by the statutory guardian of the decedent's widow, the sole dependent. Thereafter the Board approved an agreement between the appellant and the guardian by which the widow was to receive $8.90 per week for 355 weeks. Payments were

made aggregating $195.80, covering the period from December 6, 1936, to May 7, 1937. Subsequent payments were withheld by the appellant because of an application filed by other persons claiming to be dependents of the decedent. On April 19, 1938, this application was denied by the Board, which, in its order, noted the fact that the widow had re-married, and hence, was entitled to no further compensation. The re-marriage occurred on January 28, 1938, and, in order to recover the payments accruing between May 7, 1937, and the date of the re-marriage, the guardian obtained from the Board a copy of the original award and filed it with the clerk of the Perry Circuit Court in the manner prescribed by Section 4939, Kentucky Statutes, and procured a judgment in that Court on which an execution was issued directing the Sheriff to collect from appellant $8.90 per week from May 7, 1937, to January 28, 1938, with 6% per annum interest plus $3.10 costs. Alleging that the Sheriff was about to levy this execution on its property, that it had paid the guardian more than was due, and that it was without other remedy, the appellant instituted this action against the Sheriff and the Guardian for an injunction, enjoining the collection of the judgment. Issues were joined and proof taken, after which the Court dismissed the petition, and this appeal is from that judgment.

The undisputed testimony shows that Scott E. Duff, an attorney of the Perry County Bar, had been employed by the guardian of the widow to prosecute her claim for compensation and was to receive for his services "an amount equal to 15% of the first $1000.00 so recovered and an amount equal to 10% of all in excess of $1000.00 so recovered." Shortly after the original award had been made, Mr. Duff requested payment of his fee, and, on April 6, 1937, procured the entry of an order by the Board reading as follows:

"It is ordered that Scott E. Duff, attorney for plaintiff herein, be allowed the sum of $348.15, as attorney's fee for services rendered; and the defendant company or its insurance carrier is directed to deduct said sum from any compensation that may be found to be due plaintiff, commuting sufficient of the final payments under the award to a lump sum for that purpose."

Pursuant to this order appellant paid to Mr. Duff

the sum named. Added to the $195.80 paid to the Guardian covering the period from December 6, 1936, to May 7, 1937, the total payments made by appellant on account of the widow's claim, thus aggregated $543.95, slightly more than the widow was entitled to receive calculated at the rate of $8.90 per week during the entire period of her dependency, from December 6, 1936, to January 28, 1938. Hence, it was contended by the appellant that it had already paid out more than it was obligated to pay at the time the Guardian procured the judgment, the enforcement of which, the appellant sought to enjoin.

The Chancellor gave as one of his reasons for denying the relief sought, the requirement of Section 4942, Kentucky Statutes, that compensation payments be made direct to the parties entitled thereto and not to their attorneys, which, in his opinion, vested the widow with the unqualified right to collect all payments accruing to her during the period of her dependency. Another reason given by the Chancellor was that the Board by its order "imposed the risk."

In opposition to this contention, appellant's counsel points out that the filing of the application of the alleged additional dependents automatically suspended the widow's right to receive payments accruing during the period subsequently elapsing, citing Kentucky Statutes, Section 4896, which provides that payment of death benefits in good faith to a supposed dependent, or to a dependent subsequent in right to another or other dependents, shall discharge and protect the employer and his insurer, unless and until the lawful dependents prior in right shall have given the employer or insurer written notice of their claim; and that in case the employer or insurer is in doubt as to the validity of the claims, the Board shall on application decide and direct to whom payments shall be made.

Appellant's counsel also suggests that Section 4939, Kentucky Statutes, is unconstitutional, since it provides for the entry by the Court of a judgment enforcing an award without requiring the issuance of summons or previous notice. Clearly, in order for a judgment rendered pursuant to Section 4939 to be immune from attack, the defendant must have been notified and given an opportunity to defend. So much is implied in our previous decisions upholding the prescribed procedure.

Holt Bros. Mining Co. v. Fisher et al., 255 Ky. 418, 74 S. W. (2d) 469; Stearns Coal & Lumber Co. v. Whalen, 266 Ky. 277, 98 S. W. (2d) 499. In the case at Bar it is conceded that the judgment sought to be enjoined was rendered without notice to appellant, from which it necessarily follows that appellant is entitled to enjoin its enforcement if the award on which it was based had, in fact, been satisfied.

As we construe the record, unaided by a brief from appellee's counsel, the controlling question is whether the appellant is entitled to credit on the award to the widow for the amount paid to her attorney by order of the Board. The Statute cited by the Chancellor directing that payments be made to the parties entitled thereto and not to their attorneys (Section 4942) concludes with the statement:

"Provided, however, that the board in allowing or approving an attorney's fee as provided in this section may order the payment of same direct to such attorney, commuting sufficient of the final payments of compensation payable under the award to a lump sum for that purpose."

While the language of Section 4896 directing that credit be given employers for good faith payments made to supposed dependents prior to receipt of notice of conflicting claims does not specifically include payments made to attorneys, it would be abhorrent to the spirit of the Act to deny an employer credit on the amount due under an award, for sums paid the claimant's attorney on the express order of the Board. The fact that the contemplated period of dependency was curtailed prior to the maturity of the payments to be commuted, should not be permitted to prejudice the rights of the innocent employer, even though, as between the claimant and her attorney, the latter was disproportionately benefited by receiving a larger percentage of the amount actually paid than his contract called for. Whether the claimant in such case is entitled to recover the excess from the attorney, we are not called upon to decide.

Judgment reversed with instructions to grant the injunction prayed.