**MAIN LINE ENGINEERING CONSTRUC-
TION SERVICE, INC., Appellant,**

**v.**

**Herman HUTCHESON, Appellee.**

Court of Appeals of Kentucky.

May 31, 1968.

James M. Graves, William P. Swain, Boehl, Stopher, Graves & Deindoerfer, Louisville, for appellant.

William Lehnig, Louisville, for appellee.

WADDILL, Commissioner.

The main question on this appeal is whether, in a proceeding under KRS 342.-305, service of summons on the local attorney for appellant's insurance carrier constituted service on the appellant. Before deciding this question we will relate the events leading to its formulation.

Initially, appellee, Herman Hutcheson, filed a claim against appellant, Main Line Engineering Construction Service, Inc. a foreign corporation doing business in Kentucky, seeking compensation pursuant to the provisions of the Kentucky Workmen's Compensation Act. KRS, Chapter 342. Upon the hearing of the claim appellee obtained an award entitling him to compensation so long as he was totally disabled, not to exceed 425 weeks. KRS 342.095. No appeal was prosecuted from the award.

When appellant stopped paying appellee compensation, appellee filed suit in the Jefferson Circuit Court naming as defendants the appellant, its compensation insurance carrier and the Workmen's Compensation Board. The purpose of this suit was to obtain a judgment on the sum allegedly due under the compensation award. Such

procedure is authorized by KRS 342.305, which, in pertinent part, reads:

"Any party in interest may file in the circuit court of the county in which the injury occurred a certified copy of a memorandum of agreement approved by the board or of an order or decision of the board, or of an award of the board unappealed from, or of an award of the board rendered upon an appeal. The court shall render judgment in accordance therewith and notify the parties. * * *."

■ In construing this statute we have held that, in order for a judgment rendered pursuant to it to be immune from attack, the defendants must be notified of the institution of the suit and given an opportunity to defend. W. M. Ritter Lumber Co. v. Begley, 288 Ky. 481, 156 S.W.2d 501; Holt Bros. Mining Co. v. Fisher, 255 Ky. 418, 74 S.W.2d 469.

Upon the filing of the proceeding under KRS 342.305, summonses were issued and served on the Kentucky Workmen's Compensation Board and on appellant's compensation insurance carrier, Citizens Casualty Company of New York. However, the summons for the appellant was not served and the sheriff's return on it reads, "not found-unable to locate." Later, an alias summons was issued and the sheriff's return on it shows it was purportedly executed on the appellant by "delivering a true copy of it to James M. Graves, agent."

Upon receiving the summons, James M. Graves moved the circuit court to quash the service of process upon him as agent for appellant. In support of the motion, Graves filed an affidavit in which he stated that he was local counsel for appellant's compensation insurance carrier, but that he was not an agent, officer, employee or counsel for the appellant. The circuit court overruled Graves' motion to quash the service of process upon him as agent for appellant. Thereafter, the circuit court granted appellee judgment against the ap-

pellant for the alleged compensation arrearage and directed appellant to thereafter comply with the provisions of the award.

On the instant appeal, which is from the judgment rendered in the suit brought under KRS 342.305, it is contended that the Jefferson Circuit Court had no jurisdiction to render judgment against appellant because there was no service on appellant nor was it otherwise properly notified of the suit and given an opportunity to defend it. On the other side of the case, appellee contends that attorney Graves acknowledged his representation of appellant when he filed the motion to quash the service of summons on him as agent for the Main Line Engineering Construction Service, Inc., which motion was signed by James M. Graves, as the attorney for Main Line Engineering Construction Service, Inc., Therefore, it is argued that, since attorney Graves was the attorney for appellant and acknowledged service of summons thirteen months before judgment was entered, appellant had had ample time to prepare and present a defense, if it had one to the suit.

■ The affidavit of attorney Graves was uncontradicted. We therefore hold that he was not an agent, officer, employee or counsel for the appellant. The fact that the motion to quash the return of process was signed by attorney Graves as the attorney for appellant does not enter the appearance of appellant to the suit. Clay, Ky. Practice, Vol. 6, CR 12.02, Author's Comment 3. We observe that none of the proper methods were followed to obtain service of process upon the appellant corporation. See CR 4.04(5), KRS 271.385, 271.610(2). Since attorney Graves was not the authorized process agent for the appellant nor an agent, officer or an employee of it, notice to Graves of the pendency of appellee's suit does not meet the requirement of notice contained in KRS 342.305. We reserve the question of what constitutes timely notice under KRS 342.305.

We conclude that the Jefferson Circuit Court had no jurisdiction over the appellant at the time judgment was entered against it. Therefore, the judgment is void.

The judgment is reversed with directions to set it aside.

All concur.