**INDUSTRIAL REDISTRIBUTION CENTER, INC., Appellant,**

v.

**PLASTIPAK PACKAGING, DIVISION OF BEATRICE FOODS COMPANY, Appellee.**

Court of Appeals of Kentucky.

Feb. 14, 1986.

Murry A. Raines, Jonathan L. Rue, Bowling Green, for appellant.

Joseph R. Huddleston, Bowling Green, for appellee.

Before COMBS, MILLER and WILHOIT, JJ.

## OPINION AND ORDER

WILHOIT, Judge.

The appellee filed a motion to compel discovery and for a hearing in this Court to determine the sufficiency of the appellant's supersedeas bond. In the alternative, the appellee requested this Court to direct the circuit court to hold such a hearing. A similar motion was filed before the circuit court. The circuit court denied the motion because the appeal had been docketed in the Court of Appeals.

■ The appellee failed to allege in its motion that the surety was insufficient; therefore, the motion to compel discovery and for a hearing to determine the sufficiency of the supersedeas bond is DENIED. Civil Rule 73.06 was amended effective January 1, 1986, (subsequent to the filing of the appellee's motion) to establish the procedure to follow for the appellee who believes the supersedeas bond is defective or insufficient. Civil Rule 73.06, as amended, provides as follows:

(1) The appellee may move the trial court in which the supersedeas bond is filed for a hearing to determine the sufficiency of the bond or the surety thereon.

(a) If a supersedeas bond is not filed or if the bond filed is found insufficient, and if the action is not yet docketed with an appellate court, a supersedeas bond may be filed at such time before the action is so docketed as may be fixed by the trial court. After the action is so docketed, application for leave to file a bond may be made only in the appellate court.

The previous text of CR 73.06 was designated paragraph two (2), and the amendment added paragraph one (1). We will now take the opportunity to explain what we believe the procedure is pursuant to CR 73.06.

■ The appellee who has reason to believe a supersedeas bond is defective or the surety is insufficient should file a motion in the trial court. The motion should be supported by an affidavit giving grounds for the action. If after the hearing on the motion, the trial court finds the supersedeas defective or the surety inadequate, it may direct action it deems appropriate. This may include requiring new or additional surety. A party who believes the trial court abused its discretion may file a motion for intermediate relief in the appeal pending in the appellate court.

■ Civil Rule 73.06(1) contains no time limitations, and the motion challenging the supersedeas bond should be filed in the trial court whether or not the appeal has been docketed. Paragraph two (2) of CR 73.06, which states that leave to file a supersedeas bond must be sought from the appellate court after an appeal is docketed, applies to an initial application to file a bond.

■ The trial court is in a better position to take evidence and make a determination of the sufficiency or validity of the supersedeas bond. The decision on the motion challenging the bond is addressed to the sound discretion of the trial court, and will be set aside by the appellate court only if a party can demonstrate an abuse of discretion.