**HENRY VOGT MACHINE COMPANY, Appellant,**

v.

**John SCRUGGS, the Special Fund, and Workers' Compensation Board, Appellees.**

**No. 89–CA–287–WC.**

Court of Appeals of Kentucky.

May 5, 1989.

Ken Nevitt, Williams & Wagoner, Louisville, for appellant.

Robert M. Lindsay, Segal, Isenberg, Sales, Steward & Cutler, Louisville, for Scruggs.

David Randall Allen, Dept. of Labor, Louisville, for Special Fund.

Before DYCHE, HOWARD and McDONALD, JJ.

McDONALD, Judge.

■ This is a workers' compensation appeal and is before the Court on motion of appellant for leave to file a supersedeas bond. KRS 342.300 provides that, on appeal to the Court of Appeals, a supersedeas bond may be filed to stay payment of benefits previously awarded to the claimant under the same statute. Unfortunately, the statute is silent as to where the supersedeas bond is to be filed. Comparison of the present statute to its immediate predecessor, and consideration of this problem from a practical standpoint, lead us to the inevitable conclusion that the proper forum for filing of a supersedeas bond is the Workers' Compensation Board.

Previous to its amendment in 1987, KRS 342.300 read as follows:

342.300. Continuation of award pending appeal.—Upon motion of either party and a sufficient showing of reason and necessity therefor, the *circuit court* to which an appeal is taken may continue in force the award, judgment, or order appealed from, pending its decision of such appeal, but to be suspended upon the execution by the adverse party of a supersedeas bond for appeal to the Court of Appeals. (4938.)

As amended, it now states:

342.300. Continuation of award pending appeal—Suspension.—Upon motion of either party and a sufficient showing of reason and necessity therefor, the *board,* if an appeal is taken, may continue in force the award, judgment, or order appealed from, pending its decision of such appeal, but to be suspended upon the execution by the adverse party of a supersedeas bond for appeal to the Court of Appeals. (4938: amend. Acts 1987 (Ex Sess.), ch. 1, § 37, effective January 4, 1988.)

(Our emphasis in both statutes.)

Under the previous statute, an appellant moving on to the Court of Appeals would file its supersedeas bond with our immediate predecessor in the review process, namely, the circuit court. The circuit courts were legislatively replaced by the new Workers' Compensation Board in the progression of review, and KRS 342.300 was necessarily amended to reflect that change. Otherwise, the two statutes are virtually identical. This evidences to us that the legislature intended to retain the appealing party's right to relief by supersedeas, but merely changed the place where that relief would be sought from the circuit court to the Workers' Compensation Board.

■ As a matter of practice, the Workers' Compensation Board would be in a much better position to handle matters regarding the superseding of an award which it has already reviewed on appeal. At the time the bond would be filed under the provisions of the statute, the case will have immediately been before the Workers' Compensation Board for review on the merits. Thus, they would be better equipped to determine matters as to the bond's sufficiency, both in form and amount, than would this Court. This Court does not, in fact, have any legal authority to approve supersedeas bonds. At present, it has power only to grant leave to file a supersedeas bond with the circuit court in certain situations (CR 73.06) or to review the sufficiency of supersedeas bonds already filed in a pending appeal. *See Industrial Redistribution Center v. Plastipak Packaging,* Ky. App., 706 S.W.2d 2, 3 (1986). Further, in finding that the Workers' Compensation Board is the proper party to administer supersedeas bonds pursuant to the statute in question, we do not mean to imply that the Board, or ourselves for that matter, have any further authority with regard to enforcement of workers' compensation awards themselves. That is clearly within the province of the circuit courts. KRS 342.305, *Conda Coal Co. v. Caldwell,* 267 Ky. 774, 103 S.W.2d 303 (1937).

In summary, this Court acknowledges appellant's right to supersede the award

presently being appealed pursuant to KRS 342.300, and therefore GRANTS its motion for leave to file a supersedeas bond. Further, for reasons as set out above, we find that the proper forum in which to file the supersedeas bond is the Workers' Compensation Board, under guidelines to be set up by the Workers' Compensation Board itself.

All concur.